FRED H. BEANER, Appellant, v. JOHN B. LUCAS, City Treasurer of the City of Des Moines, AND OTHERS, Appellees.

**Constitutional Law:** LEGISLATIVE ENACTMENTS: SUFFICIENCY OF TITLE. The constitutional provision that a legislative act shall embrace but one subject and matter properly connected therewith, which shall be expressed in the title, should not be given a narrow construction; but if all the provisions of the act have one general object which is fairly expressed in the title it is a compliance with the constitution: so that a statute authorizing a city to purchase ground, erect public buildings thereon and to levy a special tax for that purpose, comprehends the issuance of bonds in anticipation of the tax, which latter provision is germane to the main purpose of the act and not of such a separate and independent character as to require separate mention in the title.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

WEDNESDAY, JULY 3, 1907.

REHEARING DENIED, SATURDAY, APRIL 11, 1908.

THE opinion states the case.— *Affirmed.*

*W. A. Graham,* for appellant.

*W. H. Bremner, M. H. Cohn, W. M. McLaughlin,* and *Read & Read,* for appellees.

WEAVER, C. J.— By an act of the Thirty-Second General Assembly of Iowa, provision was made for the purpose of enabling cities having a population of fifty thousand or over to erect city halls or buildings for the use of said municipalities, and providing the means or methods by which the cost of said improvements may be defrayed. The title to the act is in the following words: " An act authorizing cities having a population of fifty thousand or over to erect a city hall, to purchase the necessary ground therefor and to levy a special tax for the purpose of paying for the same, and repealing chapter 27 of the laws of the Thirtieth General Assembly." Laws 1907, chapter 34. By section 2 thereof, power is conferred upon such cities to levy special taxes not exceeding two mills on the dollar for a period of years not exceeding twenty, for the purpose of paying for the construction of such buildings and the purchase price of grounds therefor. By section 3 it is further provided that such cities may issue bonds in anticipation of the tax authorized by the preceding section; such bonds being due and payable in not less than five or more than twenty years from the date thereof. Sections 4 and 5 of said act provide that no such buildings shall be erected unless a majority of the legal voters voting thereon shall vote in favor of the same at the general election or at a special election called for that purpose. Proceeding under the terms of said statute, the city council of the city of Des Moines entered into negotiations for the purchase of certain grounds for the site of a city hall, and obtained an option or agreement for the conveyance of the same to the city; the agreed price thereof to be paid in bonds to be issued as provided in said statute. Thereafter the plaintiff herein, being a citizen and taxpayer of said city, instituted this action in equity to enjoin the issuance of said bonds, on the ground that the statute providing therefor is void. This claim is based upon the proposition that the act is unconstitutional, in that it embraces more than one subject, contrary to the prohibition contained in

section 29, article 3 of the Constitution of Iowa, and that section 3 of said act, authorizing the issuance of bonds, is unconstitutional and void, for the reason that the subject embraced in that section is not expressed in the title of the act, in violation of the same constitutional provision. The district court held against the plaintiff upon both propositions, and denied the injunction. Plaintiff appeals.

The provision of the Constitution upon which appellant relies is in the following language: "Every act shall embrace but one subject and matters properly connected therewith which shall be expressed in the title. But if any subject shall be embraced in an act which shall not be embraced in the title such act shall be void only as to so much thereof as shall not be embraced in the title." This limitation upon the power of the Legislature is quite generally found in the constitutions of the several States of the Union, and has been the subject of frequent construction and interpretation by the courts. The decisions are generally to the effect that the language thus employed should not be given a narrow or illiberal construction. For instance, it is said by the Supreme Court of Illinois, in *Ritchie v. People,* 155 Ill. 98 (40 N. E. 454, 29 L. R. A. 79, 46 Am. St. Rep. 315), that; " All matters are properly included in the act which are germane to the title. The Constitution is obeyed if all the provisions relate to the one subject indicated in the title, and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view. It is not required that the subject of the bill shall be specifically and exactly expressed in the title, or that the title should be an index of the details of the act. Where there is doubt as to whether the subject is clearly expressed in the title, the doubt should be resolved in favor of the validity of the act. An act to incorporate a city may contain provisions for the raising of revenue for its government. An act concerning drainage may include assessments upon lands benefited to pay the expenses." Another court has

said it is not intended to prohibit the uniting in one bill of any number of provisions having one general object fairly indicated by its title. The unity of the object must be sought in the end which the Legislature purposes to accomplish. *Walter v. Union,* 33 N. J. Law, 351; *Montclair v. Ramsdell,* 107 U. S. 147 (2 Sup. Ct. 391, 27 L. Ed. 431). It is admissible to include in a statute means which are reasonably adapted to secure the objects intended by the title. *Cohn v. People,* 149 Ill. 486 (37 N. E. 60, 23 L. R. A. 821, 41 Am. St. Rep. 304). See, also, *Cook v. Marshall County,* 119 Iowa, 384, and cases there cited.

Reading the statute in question in the light of these authorities, we think it cannot be said that it relates to more than one subject. The clear purpose of the Legislature was to authorize cities of the class mentioned to purchase grounds and erect thereon suitable halls or buildings for city purposes, and to provide the means for accomplishing that end. The title which we have above quoted fairly expresses the general object which is sought to be effected. It describes the act as one authorizing such cities to erect a city hall and purchase the necessary grounds therefor and to levy a special tax for the purpose of paying for the same. These words fairly epitomize the entire statute. The provision contained in section 3 for the issuance of bonds in anticipation of the tax is simply auxiliary to and in aid of the general purpose thus expressed, and is not, in our judgment, of such a separate or independent character as requires specific reference thereto in the title. In the language of the authorities above cited, it is germane to the general purpose which the title itself clearly expresses, and the failure to make specific reference thereto in the title does not render the act as a whole, or this particular section of such act, open to the objection made thereto by the appellant. Counsel for appellant has not called our attention to any authority or precedent inconsistent with the views here expressed. As further supporting such views, see *Beresheim v. Arnd,* 117 Iowa,

83; *Johnson v. Harrison,* 47 Minn. 575 (50 N. W. 923, 28 Am. St. Rep. 382); *Ripley v. Evans,* 87 Mich. 217 (49 N. W. 504); *Johnson v. Higgins,* 3 Metc. (Ky.) 566; *Ryerson v. Utley,* 16 Mich. 278; *State v. Sloan,* 66 Ark. 575 (74 Am. St. Rep. 106, 53 S. W. 47).

The rule to which we adhere seems to be so well settled and so reasonable that further discussion is unnecessary.

The judgment of the district court was right, and it is *affirmed.*