STATE OF IOWA, ex rel NELS THOMPSON, Appellee, v. W. A. BOOTH et al., Appellants.

**STATUTES: Construction—Intent—Substituting Words.** The fundamental rule in construing a statute is to preserve every word thereof and to give such effect to all parts of the enactment as will reflect the legislative intention. To comply with this rule the court will, when necessary, give to a word a meaning different from its ordinary meaning when such was the manifest intention of the legislature, and it is necessary in order to preserve and give force to all words of the enactment. (See Supplemental Opinion.)

PRINCIPLE APPLIED: Sec. 2794-a of the Sup. Code, 1913, provides for elections to determine the question of consolidating territory into a school district and provides that "when it is proposed to include . . . a city, town or *village,* the voters residing upon the territory outside the *incorporated* limits of such city, town or *village* shall vote separately, etc.," and separate ballot boxes are commanded. Sec. 638, Code, provides that "town sites platted and *unincorporated* shall be known as villages." All other municipal corporations are cities and towns.

*Held,* the word "incorporated," if applied literally to the words "limits of a village," would eliminate the word "village" from the statute, because an "incorporated village" would be synonymous with "town." Therefore, in order to preserve all parts of the statute and not to subtract therefrom, the word "incorporated" when applied to the words "limits of a village" should be deemed to have the sense of "platted."

**ELECTIONS: Separate Ballot Boxes—When Not Necessary—Schools and School Districts.** The violation of a law requiring separate ballot boxes, in certain contingencies, does not necessarily render the election void.

PRINCIPLE APPLIED: Sec. 2794-a, Sup. Code, 1913, provides for an election to vote on the proposition of consolidating territory outside and inside of villages. Separate ballot boxes are required in which the ballots of the voters in their respective territory shall be deposited. A majority against consolidation in either territory defeats the proposition. In instant case, separate ballot boxes were not provided, but it was shown that every voter residing within the platted limits of the village voted in favor of the consolidation and a large majority of the voters residing outside such platted limits voted in favor of consolidation. *Held*, the election was not void.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, NOVEMBER 5, 1914.

THIS is a proceeding in *quo warranto*. It is brought against the defendants as purported officers of a school corporation. It challenges the legality of the formation of such school corporation. The defendants filed an answer to the petition. The plaintiff demurred to such answer, and his demurrer was sustained. From such ruling the defendants have appealed.—*Reversed.*

*Parson & Mills,* for appellee.

*George Cosson,* Attorney General, *C. A. Robbins,* Assistant Attorney General, *Amicus Curiae.*

*E. J. Kelly,* for appellants.

EVANS, J.—1. The defendants are the purported officers of the consolidated independent school district of Alleman. The school corporation in question was organized under the provisions of Chapter 143, 34th G. A., in pursuance of an election held in January, 1914, wherein the majority of the electors voted in favor of such organization.

The legality of such election is challenged by the plaintiff because the territory included in such proposed school district included the village of Alleman and other outside territory, and the judges of election failed to provide separate ballot boxes for the respective voters within and without such village. It is made to appear from the answer demurred to that such village of Alleman is not an incorporated village, and has no *"incorporated* limits." It is further made to appear therein that such village had only seven voters and that all such voters voted in favor of the organization of such school corporation.

It is averred in plaintiff's petition that the village of Alleman was a *"platted* village." This allegation is put in issue only by a general denial in the answer, and we are disposed to assume the truth of such allegation for the purpose of this discussion.

The question presented for our consideration is, whether the election held was rendered void by the failure of the judges of election to furnish two ballot boxes at the election. This involves a construction of Chapter 143 above referred to. This chapter purports to be an amendment of Sec. 2794-a of the Code Supplement. Such chapter provides as follows:

"When it is proposed to include in such district a city, or town or village, the voters residing upon the territory outside the incorporated limits of such city, town or village shall vote separately upon the proposition for the creating of such new district."

It also provides that "the judges of said election shall provide separate ballot boxes in which shall be deposited the votes cast by the voters from their respective territories." It is further provided that if a majority in either territory shall vote against the proposition, then the same shall fail.

The first question presented, therefore, is, was it necessary to take account of the *platted* limits of the village of Alleman and to furnish two ballot boxes for the respective

territories within and without such *platted* limits? It will be noted that the statute refers, in terms, to "incorporated limits." It is a. matter of general knowledge that the "incorporated limits" of cities and towns are often, if not usually, not co-extensive with their *platted* limits. The legal entity of a city or town is defined by its "incorporated limits" and not by its platted limits.

The village of Alleman had no "incorporated limits," because it was not incorporated. To substitute in such a case the *platted* limits for the incorporated limits would be to add something to the statute. We think, therefore, that the requirement for separate ballot boxes cannot apply to a village which has no incorporated limits.

We have no argument for the appellee. It might be urged in his behalf that under our statute there can be no such thing as an incorporated village as distinguished from an incorporated town, because an incorporated village is the statutory equivalent of an incorporated town. It is undoubtedly true that an incorporated village would be a "town" within the meaning of our statute. Code Sec. 638. In this sense, the use of the word "village," in the chapter referred to, is mere surplusage. The ordinary definition of a village is a small assemblage of houses, whether situated upon a platted district or not. See *Webster's Dictionary; Bouvier's Dictionary; Truax v. Pool,* 46 Iowa 257; *Mikael v. Equitable Securities Co.* (Tex.) 74 S. W. 67; *State v. Lammers,* 113 Wis. 398, 89 N. W. 501; *Illinois Central v. Williams,* 27 Ill. 48.

The statute under consideration, however, assumes the possibility of the creation of an incorporated village. Even though this be a mistaken assumption, or an erroneous terminology, it cannot have the effect to enlarge the application of the statute to a village not incorporated. We conclude, therefore, that the statute by its terms is applicable only to municipal corporations having "incorporated limits."

2. In view of the showing that the proposition to form the school district was carried by clear majorities both within

the village of Alleman and without the same, we are not prepared to say that the mere failure of the judges to furnish two ballot boxes at such election is sufficient, of itself, to render the election wholly void.

In view of our conclusion upon the first question considered, we need not pass upon this one. We think the demurrer to the answer should have been overruled.

The order sustaining such demurrer must therefore be reversed, and it is so ordered.—*Reversed.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.


## SUPPLEMENTAL OPINION.

### WEDNESDAY, FEBRUARY 17, 1915.

EVANS, J.—I. Upon further consideration of the foregoing case on rehearing, it is the view of the majority that our holding in the first division of the opinion should be changed

1. STATUTES :
construction :
intent : sub-
stituting
words.

and that the term "incorporated limits" should be construed literally only as to incorporated cities and towns; that as to unincorporated villages it should be construed as the equivalent of "*platted*" limits. This construction adds something to the statute, whereas our former construction took something away. One construction or the other is unavoidable. The majority prefer addition to subtraction. It is thought also that our former construction might quite prevent a village from becoming the center of a consolidated district.

We hold, therefore, that the statute ought to be deemed applicable to unincorporated villages and that the limits of such villages are to be ascertained from the *platting* thereof.

II. On the question considered in the second division of the opinion, it was made to appear affirmatively that the vil-

lage in question had seven votes and that these were all cast in favor of the consolidation. It was also made to appear affirmatively that a clear and large majority of the votes cast from outside the village was in favor of such consolidation.

2. ELECTIONS: separate ballot boxes: when not necessary: schools and school districts.

In the presence of such a showing, we are of the opinion that the election was not rendered void by the mere failure of the judges to furnish two ballot boxes. The former order of reversal is adhered to. But the ground of such reversal is changed as herein indicated.