John W. Thomasson, Appellee, v. Warren Grove Independent School District, Appellant, et al., Appellees.

November 13, 1928.

Cross & Hamill, for appellant.

Jordan & Jordan, for appellee.

Stevens, C. J.—The court overruled a motion to dismiss the plaintiff's petition, and entered a decree granting the relief sought. From this decree all of the defendants appeal. The petition alleged that plaintiff is a resident and taxpayer of Warren Grove Independent School District; that the said district is a school corporation of Jasper County; that the Mound Prairie Township School District is a school corporation of Mound Prairie Civil Township in said county; that the defendants C. B. Francisco and H. H. Morrison are, respectively, the county auditor and county treasurer of Jasper County; that, on the 17th day of May, 1927, the board of directors of Warren Grove Independent School District voted to transfer certain

territory therefrom to Mound Prairie Township School District; that, on the 9th day of June, 1927, the boards of directors of the respective corporations concurred in this action; that all of the severed territory was incorporated, and made a part of the Fairview Civil Township of Jasper County, Iowa; that thereafter, the board of directors of Warren Grove Independent District held an election to change the site of the Warren Grove schoolhouse and to authorize the levy of taxes to build a new one; and that at said election the residents of the severed territory were not permitted to vote. The relief prayed is a permanent injunction restraining the construction of the proposed new schoolhouse or the use of funds therefor; that the Mound Prairie Township School District be restrained and enjoined from in any manner listing for taxation therein the severed territory; and that the county auditor and the county treasurer be restrained from listing or certifying said property for taxation. The grounds of the motion to dismiss are that the action of the respective boards was in all respects valid and legal; that the matters sought to be enjoined rest wholly within the discretion and jurisdiction of the officers; and that a court of equity is without authority to grant the relief sought.

The controversy involves the construction of Sections 4133 and 4135 of the Code of 1927, which are as follows:

"4133. Boundary Lines Changed—Consolidation. The boundary lines of contiguous school corporations may be changed by the concurrent action of the respective boards of directors at their regular meetings in July, or at special meetings thereafter, called for that purpose. The corporation from which territory is detached shall, after the change, contain not less than four government sections of land, and its boundary lines must conform to the lines of congressional divisions of land. In the same manner, the boundary lines of contiguous school corporations may be so changed that one corporation shall be included in and consolidated with the other as a single corporation.

"4135. Corporation Limits Changed. When the boundary line between a school township and an independent district is not also the line between civil townships, such boundary may be changed at any time by the concurrence of the boards of directors; but in no case shall a forty-acre tract of land, by the gov-

ernment survey, be divided; and such subdivisions shall be excluded or included as entire forties. The boundaries of the school township or the independent district may in the same manner be extended to the line between civil townships,' even though by such change one of the districts shall be included within and consolidated with the other as a single district."

The subject-matter of the two sections might well have been included in one. The authority conferred upon contiguous school corporations by Section 4133 is clear. The confusion arises when it is sought to harmonize the same with the provisions of Section 4135. If it stood alone, and without reference to Section 4133, no difficulty could arise in its interpretation. The particular language of 4133 to which attention is called is, "The boundary lines of contiguous school corporations * * *," and of 4135, "When the boundary line between a school township and an independent district is not also the line between civil townships * * *." The words "is not also the line between civil townships" mark the distinction between the two sections important in this case. As appears in the foregoing statement, Warren Grove Independent School District and Mound Prairie Township School District are contiguous, but situated in different townships. Counsel upon both sides appeal to legislative history, to sustain their respective contentions. It is the contention of appellee that Section 4135 creates an exception, and is not in conflict with Section 4133. Looking briefly to the legislative history of Section 4133, we find that by Chapter 62, Laws of the Twenty-second General Assembly, boards of directors of contiguous independent school districts were authorized to change the boundary lines thereof when "within the same civil township." This provision became Section 2793 of the Code of 1897. This section was repealed by Chapter 136, Laws of the Thirty-first General Assembly, and in lieu thereof it was enacted that "the boundary lines of contiguous school corporations in the same county may be changed * * *." This enactment became Section 2793 of the 1913 Supplement to the Code. This section was amended by Chapter 142, Laws of the Thirty-fourth General Assembly, by striking out the words "in the same county." The twenty-seventh general assembly, Chapter 89, enacted that, "when the boundary line between a school

township and an independent *city or town district is not also the line between civil townships, \* \* \**" the boundary may be changed. This enactment became Section 2793-a of the 1913 Supplement to the Code. No further material changes were made in these provisions of the statute until the enactment of Section 4135. The words "city or town district," as found in Section 2793-a, are omitted from Section 4135. It thus appears that distinctions based upon lines between school townships and independent cities and towns, where the same is not also the line between civil townships, have previously existed. It seems to us that the legislature did not have in mind the repeal of any of the provisions of Section 4133, but that the purpose was rather to create an exception thereto: that is to say, that boundary lines between school corporations may be changed in the manner pointed out by Section 4133, except when such boundary line *is not the boundary line between civil townships,* but when such boundary line is the line between civil townships, then the provisions of Section 4133 do not apply.

It will be observed that Section 4133 forbids the changing of boundary lines between contiguous school corporations so as to leave less than four sections of land in the corporation from which territory is taken. No similar provision is found in Section 4135. It is argued by counsel for appellant that the two sections are perfectly harmonized by construing them to mean that, when a civil township line is to be crossed, in effecting a change in the boundary, each district must remain of a size to contain at least a minimum of four sections of land. Such a construction would require practically a rewriting of both sections. They are readily harmonized by treating the provisions of Section 4135, so far as they relate to boundary lines, as applicable only when the boundary line between contiguous school corporations is also a civil township line. This construction recognizes and gives effect to the exception sought to be created by the legislature. We are not called upon at this time to construe other provisions of these enactments.

The decree of the court below is—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.