RURAL INDEPENDENT SCHOOL DISTRICT No. 3, Appellee, v. CLARENCE McCRACKEN, County Superintendent, et al., Appellants.

No. 40394.

NOVEMBER 11, 1930.

REHEARING DENIED JUNE 23, 1931.

1116

Fee & Milani, and C. H. Elgin, for appellee.

Valentine & Valentine, for appellants.

DE GRAFF, J.—The pleaded facts of plaintiff's petition disclose that the plaintiff-appellee School District for a number of years had been organized and had been acting as a Rural Independent School District composed of six governmental sections of land numbered 16, 17, 18, 19, 20 and 21, and that the incorporated town of Plano is located on a portion of Section 21.

On July 3, 1929, a petition was filed in the office of the defendant county superintendent of schools requesting that Sections 17, 18, 19 and 20 of the Rural Independent School District No. 3, Johns Township, be detached from said district and attached to District No. 2 of said Johns Township or form a new Independent District. The petition was signed, as shown by the affidavit, by thirty-four electors residing in Sections 17, 18, 19 and 20 of School District No. 3, Johns Township, and the County Superintendent of Schools certified to the County Auditor of Appanoose County that the residents whose names were attached to the petition represented "the necessary two-thirds of the electors of said territory." Thereafter, on or about July 6, 1929, the County Superintendent filed in the office of the County Auditor, a paper apprising the County Auditor of the fact of the filing of said petition and that he had detached Sections 17, 18, 19 and 20 from School District No. 3 of Johns Township and joined same to School District No. 2 of said Township, subject to the action of the Board of Directors of said District No. 2.

On or about July 22, 1929, the County Superintendent filed in the office of the County Auditor a notice addressed to said Auditor notifying him that the directors of School District No. 2 in Johns Township by resolution had unanimously decided

not to accept the detached sections from School District No. 3 and the County Superintendent notified the County Auditor that the former order and notice of July 6th to said Auditor was revoked. Thereafter, on July 23, 1929, the County Superintendent filed in the office of the said County Auditor an order or notice stating that he had organized said Sections 17, 18, 19 and 20 into an Independent School District to be known as No. 8 of Johns Township and notifying him to make his records and plats in conformity to said order.

Plaintiff further alleged in its petition that the Board of Directors of said Rural Independent District No. 3, Johns Township, as formerly constituted, consisted of J. R. Sherrard, residing in Section 21, Homer Adams, residing in Section 19, and J. W. Kirkland, residing in Section 18, and that by reason of the detachment of the sections constituting part of District No. 3, J. T. Sherrard would be the only member of the original board of directors residing in District No. 3. It is further alleged that the County Superintendent has caused to be called a special school election to be held on August 5, 1929, in said District No. 3, as now constituted by Sections 16 and 21, and also in said proposed District No. 8, as constituted by the detached territory of District No. 3, and that Sherrard, Henderson and Herr (defendants) had been designated as judges to hold said election in Sections 16 and 21, and that Moser, Darrah and Lyons (defendants) had been designated as judges of election for said proposed District No. 8.

Plaintiff further alleged that the petition heretofore mentioned was filed in the office of the County Superintendent and the orders issued by the County Superintendent thereon were in pursuance of the provisions of Chapter 102, 43rd G. A., amending Section 4131, Code, 1927, but states that said amendment is void and of no force or effect by reason that the same is in violation of Section 29, Article 3, of the Constitution of Iowa.

Other matters are alleged in the filed petition of plaintiff, which we deem unnecessary to set forth herein. The plaintiff prayed for a writ of injunction enjoining the detaching of the territory from District No. 3 or the forming of a new Independent District to be known as District No. 8, and that the calling of the said elections and the appointment of election judges be

declared illegal and void, and that the County Superintendent and the County Auditor be enjoined from doing any act or thing toward the formation of said new Independent District No. 8, or from detaching any territory from District No. 3 as now constituted, and that the County Auditor be enjoined from certifying any taxes for and on behalf of said proposed District No. 8 or from changing his plats with reference to District No. 3 as now organized, and that the County Treasurer be enjoined from placing on his records any assessments for taxes due said proposed District No. 8 or from paying any money collected as taxes to said proposed District No. 8.

On August 3, 1929, a temporary writ of injunction issued as prayed by plaintiff, and said writ was served upon the defendants and each of them. On August 6, 1929, plaintiff filed an amendment to its petition which alleged, *inter alia*, that under its organization as a Rural Independent District it has expended a large amount of money for the purpose of erecting a school building on Section 21 in said district and has established in said district a four year high school and is now conducting the same; that it has employed teachers and instructors for the purpose of teaching the various courses of instruction required in a four year course, and as directed and approved by the educational authorities of the State and as prescribed by the laws of Iowa; that said building and equipment therein were provided and installed and said contracts entered into with the knowledge that said district did consist of six sections of land; and that the assets of said district as then comprised, would justify the building of said school building, the installation of proper and necessary equipment, the employment of additional teachers necessary to teach the various subjects in a four-year curriculum, and to carry out the requirements of the law and of the specifications of the educational authorities of the state.

It is further alleged that if the action of said County Superintendent should succeed and the said territory consisting of four sections of land be detached from said Rural Independent School District No. 3, it would leave the plaintiff district with only two sections of land remaining therein; that the said County Superintendent had no authority under the laws of the state to withdraw any territory from said District No. 3

so as to leave the same with less than four sections of land therein.

· Plaintiff filed a second amendment to its petition, but with the matters alleged therein we feel it unnecessary to incumber this opinion by a recital thereof.

On the 6th day of February, 1930, the defendants filed answer to plaintiff's petition as amended, by way of general denial and admitting certain allegations of plaintiff's petition as amended respecting the doings of the County Superintendent and reciting therein the historical facts prior to the filing of the instant petition.

On February 24, 1930, plaintiff filed its motion to strike the answer of the defendants. The primary grounds of said motion are (1) that the defendants had theretofore filed a motion to dismiss plaintiff's petition and amendments thereto which had been overruled and the rulings thereon constituted an adjudication and the answer is merely a repetition of the facts stated in defendants' motion to dismiss and said answer contains no new allegations of fact and no new grounds of defense; (2) that the facts pleaded in the answer do not constitute a defense to the cause of action set out in plaintiff's petition; (3) that Chapter 102, Acts of the 43rd G. A., is not in fact amendatory to Section 4143, Code, 1927, as alleged in the answer of defendants; (4) that the contemplated election of directors in the old and the proposed new district is illegal for the reason that the same cannot be organized and the organization completed before the first day of August, 1929, as designated and appointed by the County Superintendent; and (5) that under the statutes of the State of Iowa said defendant county superintendent had no authority to withdraw any territory from the plaintiff district so as to leave said plaintiff district with less than four sections of land. This motion was sustained. The defendants elected to stand on the ruling and refused to plead further, whereupon decree and judgment were entered in favor· of the plaintiff. Thereafter, on March 7, 1930, the defendants perfected their appeal to this court.

The blue print hereto attached will assist in visualizing the geography of the territory involved in this action.

JOHNS TOWNSHIP

IN

APPANOOSE COUNTY

IOWA

Portion within heavy line to the left of xxx-line is proposed new Rural Independent School District No. 8.

The entire portion within heavy solid line constitutes the present Rural Independent School District No. 3. To the right of xxx-line is Rural Independent School District No. 3 after detachment.

I. One of the primary propositions on this appeal may be stated in interrogative form. Was Chapter 102, Acts of the 43rd General Assembly, in violation of Section 29, Article 3, of the Constitution of Iowa in that the title to said Act was insufficient to state the subject matter of said Chapter? The said Constitutional provision reads as follows:

"Every act shall embrace but one subject, and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

Chapter 102 bears the caption, "Schools and School Districts," and the title to said Chapter reads as follows: "An Act to amend Section four thousand one hundred thirty-one

(4131), Code, 1927, relating to attaching and detaching territory to and from adjoining corporations.''

Section 4131, Code, 1927, has to do only with a case where, by reason of natural obstacles, any portion of the inhabitants of any school corporation, in the opinion of the County Superintendent, cannot with reasonable facility attend school in their own corporation, and in such an event the County Superintendent by written order shall attach the part thus affected to an adjoining school corporation, the board of the same consenting thereto, one copy of which order shall be at once transmitted to the secretary of each corporation affected thereby. Chapter 102 which amends Section 4131, Code, 1927, provides in substance that in case of an Independent School District not consolidated, consisting of an incorporated town and four or more sections of land wholly outside the corporate limits of such town, and such sections of land lying in close proximity to each other as shall make the operation of a country school practicable, and upon which territory there already being one or more country schools, upon a petition filed by two-thirds of the electors residing in such territory being presented to the County Superintendent asking detachment from such Independent District, and the petition further naming the school corporation to which attachment of territory is desired, the County Superintendent must forthwith detach the territory therein described and attach the same to the adjoining school corporation named in the petition, providing such school corporation so named will receive such territory. In the event such school corporation consents to receive the territory, the County Superintendent shall file a written order thereof, and in case the adjoining school corporation named in the petition will not receive the territory so detached, then the County Superintendent shall proceed at once to organize the detached territory into a Rural Independent School District and file the written orders thereof with the Auditor of the County or Counties affected thereby, and the assets and liabilities of the school corporations affected by this section shall be divided as provided in Section 4137, Code, 1927.

It is apparent from the reading of the original section 4131 and the amendment thereto as contained in Chapter 102 that the legislature did provide two methods of attachment and detachment of territory of a school district or districts, depending

on the circumstances presented by the petition filed with the County Superintendent. The constitutional provision (Art. 3, Section 29) invoked by appellee in the instant case has been the subject of comment and decision many times by this court. The end sought to be obtained by this constitutional provision is to prevent the union in the same act of incongruous matters and of objects having no connection or relation thereto. Cook v. Marshall County, 119 Iowa 384, 396. See, also, State ex rel. Weir v. County Judge of Davis County, 2 Iowa (Clarke) 280; Beaner v. Lucas, 138 Iowa 215. The purpose and ultimate aim of this constitutional provision is fittingly and tersely expressed in the language found in the decision of Ritchie v. People, 155 Ill. 98, expressly approved in Beaner v. Lucas, supra:

"All matters are properly included in the act, which are germane to the title. The Constitution is obeyed if all the provisions relate to the one subject indicated in the title, and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view."

See Wise v. Palmer, 165 Iowa 731. A further study of the instant proposition may be found in State v. Hutchinson I. C. Co., 168 Iowa 1; State v. Gibson, 189 Iowa 212; McGuire v. C. B. & Q. R. R. Co., 131 Iowa 340; In re Estate of Pedersen, 198 Iowa 166.

"The unity of object is to be looked for in the ultimate end designed to be attained, and not in the details looking to that end." Dayton v. Pacific Mut. Life Ins. Co., 202 Iowa 753.

We are satisfied that there was no violation of constitutional provision in the instant case.

■ II. The constitutional challenge having been answered, we now turn to the determinative and controlling proposition, to wit, whether or not the County Superintendent had the right to reduce the territorial limits of the plaintiff Rural Independent School District to less than four government sections of land.

By way of prefatory statement, it may be well to note the statutory classification of school corporations in this state. Our statute recognizes two kinds, namely, (1) School Townships that are divided into subdistricts and (2) Independent Districts.

The affairs of a school township corporation are conducted

by a township board consisting of one sub-director from each sub-district, unless there is an even number of sub-directors, in which case, in order that the school township board may consist of an odd number of members, the board shall consist of one sub-director from each subdistrict with a director at large selected from the township corporation as a whole. (Section 4211-b3, Code, 1927). The recodification may be found in Section 4216-c23, School Laws of Iowa, 1929.

The affairs of an Independent School District are conducted by a board of directors elected at large from the Independent School District as a whole. Section 4125, Code, 1927. For the purpose of administration and for the purposes of nomenclature and accommodating the size of the board to the size of the school corporation, independent districts are divided into a number of classes descriptive of the kind of territory included within the boundaries thereof. Section 4124, Code, 1927. This is, however, a mere matter of name. A consolidated school district classifies for some purposes as an independent district. Consolidated School District of Glidden v. Griffin, 201 Iowa 63.

Section 4131, Code, 1927, as amended by Chapter 102, Acts 43rd G. A., applies to all independent districts, not consolidated, that consist of "an incorporated town and four or more sections of land wholly outside the corporate limits of such town, * * * upon which territory (outside corporate limits) there already being one or more country schools." The instant plaintiff Independent District No. 3, Johns Township, is within the purview of the provisions of Section 4131, Code, 1927, as amended by Chapter 102, 43rd G. A.

The pertinent question, therefore, is whether the County Superintendent in creating a new Independent School District from detached territory of an existing Independent School District may leave the remaining portion of the old school corporation (plaintiff Independent District No. 3) with less than four sections of land. The answer to this proposition involves a question of statutory construction and it is necessary to trace the legislative history connected with the question here involved.

The oldest form of school district in Iowa today is the school township composed of subdistricts. Before there were any independent school districts in this state there was a statute that still remains as Section 4130, Code, 1927, in almost its exact

original form, requiring that, "when a new civil township is formed, the same shall constitute a school township." For this reason independent districts have never been formed from virgin territory, that is, from territory not included in some other form of school district. They have always been formed out of the territory of districts, or parts of same, already in existence, and originally at the voluntary instigation of the territory to be made independent. Because the earliest school corporations were usually coterminous with the civil township and because civil townships were usually of considerable size (the typical one being thirty-six sections) the first need to regulate the minimum size of school districts grew out of the evolution of the independent district that originated in 1857, when the 6th G. A. enacted Chapter 158 entitled "An Act for the better regulation of public schools in cities, towns, and densely populated school districts." This act provided that "any incorporated city, town or school district in this state, containing two hundred inhabitants or more, * * * may be organized into and established as a single district * * *" It was not referred to as an independent district until the 9th G. A., Chapter 172, Section 84, and was not formally named "Independent District" until the 11th G. A., Chapter 33. The first legislation to regulate the minimum area was in 1878 when the 17th G. A. enacted Chapter 133 to provide that when forming two or more independent school districts or when territory is detached to be annexed with other territory in the formation of independent district or districts, the districts so formed should not contain less than four government sections of land. This remained the only limitation governing the minimum size of districts until the 22nd G. A. enacted Chapters 61 and 62 authorizing the subdistricts of the school township to become independent, and provided a means whereby contiguous independent districts may change their boundaries by the concurrent action of the respective boards provided the "district so formed, from which territory has been detached, shall not contain less than four government sections of land." It was through the evolution of the consolidated independent district, first authorized by the 31st G. A., Chapter 141, that a limitation was placed on the minimum area of the detached portion of the remaining territory in forming a consolidated independent school district. When consolidated dis-

tricts were first authorized by the 31st G. A. the law provided that "no school corporation from which territory is taken shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation." This enactment was amended by the 36th G. A., Chapter 342, as follows:

"And where after the formation of such consolidated school corporation, whether heretofore or hereafter formed, there is left in any school township one or more subdistricts each of such subdistricts containing four or more government sections, each of such pieces of territory shall thereby become a rural independent school corporation * * *."

The organization of consolidated districts brought into being a large number of independent districts other than consolidated independent districts, but at no time has the General Assembly placed this limitation on any school district other than a consolidated independent district. The General Assembly apparently did not foresee or contemplate all the possible contingencies that might arise in the wholesale readjustment of school district boundaries that followed in the wake of the movement for Consolidated Schools. The 39th G. A., Chapter 175, reenacted the four-section limitation as applied to a consolidated independent school district. The chapter aforesaid related to school corporations, but the subject matter of the act and the various sections thereof, have to do with the formation and organization of consolidated school corporations. In Section 2, a limitation was placed on the size of a consolidated independent district, to wit, sixteen sections, and Section 20 contains a limitation captioned "Prohibited Reduction—Size of Remaining Corporation," and provides: "No remaining portion of any school corporation from which territory is taken to form a new district shall contain an area of less than four government sections and shall be so situated as to form a suitable corporation." The latter limitation, as pointed out, has to do only with the formation of a consolidated independent district. The foregoing amending limiting clause (Chapter 175, Acts 39th G. A.) has been carried literally into every succeeding act of our General Assembly and is now a part of the School Law of Iowa. (Chapter 209, Section 4173, Code, 1927). This is evidenced by Chapter

16, Acts 40th G. A., Extra Session, which act bears the title "An Act to Amend, Revise, and Codify" certain specifically named sections "relating to education."

At this time it may be noted that the four-section limitation is found in Section 4133, Code, 1927, relative to contiguous corporations, and it is therein provided that contiguous corporations cannot be changed to reduce one of them below four government sections; but this section relates to an entirely separate and distinct situation than presented by the instant case. Section 4135, Code, 1927, places a limitation upon the provisions of Section 4133. Thomasson v. Warren Grove Ind. School Dist., 206 Iowa 1183.

Section 4152, Code, 1927, regulates the minimum size of a new independent district formed when an existing independent district *subdivides itself*. This is not applicable here.

This appeal involves what a part of an existing independent district attempted to do, as affecting an independent district as a whole, not what an independent district as a whole attempted to do. It is not a consolidated independent district and, therefore, the limitation heretofore pointed out (Section 4173, Code, 1927) does not apply. We recognize the hardship that necessarily results to the plaintiff district which now comprises but two sections of government land on one of which is found a four-year high school. The plaintiff district, now a remnant of its former self, is necessarily thinking in terms of taxation as the high-school was constructed and equipped by the district when it comprised six government sections. With the policy of the state legislature, as evidenced in the statutes now in force, this court is not concerned, nor with the wisdom or lack thereof in framing school laws. A statute cannot be extended by construction so as to cover a *casus omissus*, as recognized and claimed by the instant plaintiff. As said in State ex rel. Stinman v. Spellman, 191 Iowa 1181:

"It is not for this court to decide whether the organization of a new district is advisable or logical."

It is said in Rural Ind. Sch. Dist. Number Ten v. New Ind. Sch. Dist., 120 Iowa 119, l. c. 126:

"They (School Districts) are all subject to legislative con-

trol, and if the legislature has provided for the severance of territory from an independent district, and its incorporation into a new independent district, there is no vested right in the independent districts already existing, as against such declaration of legislative will.''

The proposed detachment in the instant case is not subject to the claimed statutory limitation, nor is the remaining portion of the plaintiff district subject to the four-section limitation.

We conclude, therefore, that the County Superintendent of Schools of Appanoose County acted within his power as provided by Section 4131, as amended by Chapter 102 of the 43 G. A.

The decree of the trial court must be and is—Reversed.

MORLING, C. J., and STEVENS, ALBERT and WAGNER, JJ., concur.