STATE OF IOWA ex rel. MELVIN P. LITTLE et al., appellants, v. FRED
OWENS et al., directors and treasurer, and SAYDEL CON-
SOLIDATED SCHOOL DISTRICT, appellees.

No. 48374.

(Reported in 60 N.W.2d 521)

OCTOBER 20, 1953.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellants.

Fey H. Moody, of Des Moines, for appellees.

OLIVER, J.—Consolidated Independent School District of Saydel, in Polk County, lies immediately north of Des Moines. It was organized in 1952, under the procedure provided by chapter 276, Code of Iowa, 1950. It was a consolidation of all the five school districts in Saylor civil township, and also of Berwick Independent District and Delaware Township Subdistrict No. 3, both of which were in Delaware civil township.

Relators assailed the validity of the organization of the consolidated district upon two grounds. The trial court adjudged neither asserted defect invalidated the organization. Hence, this appeal by relators, who have set up two propositions for reversal.

I. The first proposition for reversal is: "The establishment of Saydel Consolidated School District was illegal because it left the Delaware Township School District with less than four government sections of land."

The rough plat of Delaware Township here set out shows the several school districts of that township immediately prior to the Saydel consolidation. Of these, Berwick Independent and Delaware Township District No. 3 (sometimes referred to as Norwoodville), which are contiguous to and east of Saylor Township, were included in the consolidation. Bondurant Consolidated District which extends north and east into other townships was not included and is not involved in this case. West Independent District was not included and is not here involved.

Delaware No. 3 and Delaware No. 5 were the only remaining subdistricts of Delaware Township School District. Each of these subdistricts covered about two government sections of land. They were not contiguous but were separated one and three-fourths mile by West Independent District. The Saydel consolidation included Delaware No. 3 but did not include Delaware No. 5. It may be noted Delaware No. 5 was not contiguous to any part

of Saydel consolidated and, hence, could not have been included in it, without the intermediate territory.

N.

The general history of Delaware Subdistricts 3 and 5 may be outlined without much difficulty. It is fair to conclude the first school corporation was coterminous with Delaware civil township. As stated in Rural Independent Sch. Dist. No. 3 v. McCracken (1930) 212 Iowa 1114, 1123, 1124, 233 N.W. 147, 152:

"The oldest form of school district in Iowa today is the school township composed of subdistricts. Before there were any independent school districts in this state there was a statute that still remains as Section 4130, Code, 1927, in almost its exact original form, requiring that, 'when a new civil township is formed, the same shall constitute a school township.' For this

reason independent districts have never been formed from virgin territory, that is, from territory not included in some other form of school district. They have always been formed out of the territory of districts, or parts of same, already in existence, and originally at the voluntary instigation of the territory to be made independent."

The foregoing quotation refers to independent districts. Statutes authorizing consolidated independent districts were enacted later. As indicated by the name, consolidated districts are formed out of the territory of other districts. Hence, the earliest school corporation in the township was Delaware Township School District which covered the entire township. Thereafter, parts of the township school district had been taken in connection with the formation of Berwick Independent, Bondurant Consolidated and West Independent, leaving only the two Delaware Township Subdistricts No. 3 and No. 5, which were one and three-fourths mile apart.

Appellants' precise complaint here is that the Saydel consolidation was invalid because in taking Subdistrict No. 3 it left in Delaware Township School District only Subdistrict No. 5 which had an area of less than four government sections, contrary to section 276.20, Code of 1950, which provided in part, with reference to a consolidated school corporation: "Minimum territory. * * *. No remaining portion of any school corporation from which territory is taken to form a new district shall contain an area of less than four government sections which shall be so situated as to form a suitable corporation."

Although similar provisions had appeared in statutes governing other school districts, the first provision of this nature in statutes relating to the organization of consolidated independent school districts was made in Acts of Thirty-fourth General Assembly (1911) chapter 143, section 1. Similar provisions were retained in the various statutes and amendments thereafter enacted or in effect prior to 1953. See Code Supplement 1913 and Supplemental Supplement to Code, 1915, section 2794-a; Codes of 1924 to 1939, section 4173.

Appellees contend the applicable statute was Code section 276.21, which stated: "Organization of remaining territory.

Where, after the formation of a consolidated corporation, one or more parts of the territory of a school township is left outstanding, each piece shall constitute a rural independent school corporation and be organized as such unless two or more contiguous subdistricts are left * * *."

The original of this provision first appeared in Acts of Thirty-sixth General Assembly (1915) chapter 342, section 1, and was placed in section 2794-a, Code Supplemental Supplement 1915. It stated: "And where after the formation of such consolidated school corporation, whether heretofore or hereafter formed, there is left in any school township one or more subdistricts *each of such subdistricts containing four (4) or more government sections,* each of such pieces of territory shall thereby become a rural independent school corporation * * *." (Italics supplied.)

In Acts of Thirty-seventh General Assembly (1917) chapter 432, section 1, this provision was changed to state: "And where after the formation of such consolidated school corporation, there is left in any school township one or more pieces of territory *containing four or more government sections,* each of such pieces of territory shall thereon become a rural independent school corporation, unless two or more subdistricts remain in a contiguous body * * *." (Italics supplied.)

In Acts of Thirty-eighth General Assembly (1919) chapter 149, section 1, in which the statute was again revised, this part of it was rewritten. The language used was the same as in the part of the statute it superseded, and limited its effect to pieces of territory *containing four or more sections.*

The change relied upon by appellees occurred when the statute, as theretofore amended, was repealed by Acts of the Thirty-ninth General Assembly (1921) chapter 175, section 21, which provided in lieu thereof: "Where, after the formation of a consolidated corporation, one or more parts of the territory of a school township is left outstanding, each piece shall constitute a rural independent school corporation and be organized as such unless two or more contiguous subdistricts are left * * *."

This language was not changed in the Code of 1924 and was carried through in section 4174, Codes of 1924 to 1939, and in

section 276.21, Codes of 1946 and 1950. The legislature in 1915, again in 1917 and a third time in 1919 wrote into this part of the statute the requirement that the territory of a school township left after the formation of a consolidated corporation must contain four or more government sections for it to become a rural independent school corporation. In 1921 the legislature omitted this requirement that such territory contain four or more government sections and no subsequent legislature replaced it.

From the legislative history of this statute it appears this omission must have been made deliberately. Appellants argue that, because of the four-section limitation in the last preceding Code section (later section 276.20, Code of 1950) the legislature must have considered it unnecessary to retain a like provision in what was later section 276.21, Code of 1950. Although this argument has considerable force it overlooks the fact that two legislatures, the Thirty-seventh and Thirty-eighth, rewrote the statute and included both provisions. Hence, it may be fairly presumed that neither these legislatures nor Thirty-ninth General Assembly, which omitted the four-section requirement from the "Organization of remaining territory" statute, considered the two provisions covered the same ground. Moreover, in the case at bar the two subdistricts of Delaware Township School District were so far apart that they did not strictly comply with the requirement of section 276.20 and previous statutes that they "be so situated as to form a suitable corporation." They were merely the remaining fragments of the school corporation which had formerly consisted of the entire civil township.

 Appellants state that, under the statutes in effect at the time of the Saydel consolidation, the situation of these two Delaware Township Subdistricts was such "that they could not legally be included as a part of some consolidated school district." Were this statement correct the statutes in question would have deprived subdistricts thus situated of the right to become parts of a consolidated district, not because of any act of such subdistricts but because of the formation of other school districts which took away all parts of the school district except the isolated subdistrict in question. We do not believe the legislature in-

1362

tended that the statutes be interpreted as contended by appellants.

An opinion of the attorney general at page 81 of the report of that officer for 1952 relates to the consolidation here involved. It concludes that of two noncontiguous subdistricts, each containing less than four sections, one can be consolidated with another area as a part of a consolidated district without including the other, under section 276.21, Code of 1950. Although not binding upon the court, this opinion is entitled to respectful consideration. It appears to be correct. We agree with the conclusion of the distinguished trial court that the four-section limitation in section 276.20, Code of 1950, did not invalidate the establishment of Consolidated Independent School District of Saydel with its boundaries fixed as herein stated to include Delaware Subdistrict No. 3, and that upon such establishment Delaware Subdistrict No. 5 became a rural independent school corporation under the provisions of section 276.21, Code of 1950.

II. The second proposition relied upon for reversal is: "The Saydel election was illegal because the provisions of chapter 276, Code of Iowa, requiring a separate vote in urban territory and requiring that said election carry by a majority of votes in both urban and rural territory were violated."

This proposition is broader than relators' pleadings. The pleadings alleged only that within the boundaries of the consolidated district was the village of Norwoodville or Norwood, which contained more than two hundred population, and that contrary to Code section 276.13 the special election did not provide for a separate vote in that village and no separate vote was taken. Code section 276.13 provided:

"When it is proposed to include in such district a school corporation containing a city, town, or village with a population of two hundred or more inhabitants, the voters residing upon the territory outside the limits of such school corporation shall vote separately upon the proposition to create such new corporation."

In support of their contention appellants cite Haines v. Board of Directors, 184 Iowa 401, 405, 164 N.W. 887, 167 N.W.

192. The statute in question in that case, and also in State ex rel. Beu v. Lockwood, 181 Iowa 1233, 1238, 165 N.W. 330, and in State ex rel. Thompson v. Booth, 169 Iowa 143, 145, 149 N.W. 244, 151 N.W. 56, was section 2794-a, Code Supplement 1913 (chapter 143, 34th G. A.). It required that voters *residing outside the village* vote separately. The statute here involved was section 276.13, Code of 1950. It required only that voters *residing outside the limits of the school corporation which contained the village* vote separately. The record here shows a separate ballot box was provided in and for the school district in which the village in question was situated, as well as in each of the other school districts. Although this would not have constituted compliance with the earlier statute, it did comply with section 276.13, Code of 1950, which required only that residents of the school district containing the village vote separately from residents of the other school districts. Hence, there was no factual basis for the claimed violation of this statute. However, appellants now charge the balloting and counting did not comply with other sections of chapter 276. This contention was not pleaded nor raised in the trial court and will not be considered upon appeal.

We hold neither proposition presented by appellants is sufficient to invalidate the organization of the consolidated district. It may be noted that chapters 275, 276, and certain sections of chapter 274, Code of 1950, were repealed by Acts of the Fifty-fifth General Assembly (1953) chapter 117.—Affirmed.

GARFIELD, BLISS, SMITH, WENNERSTRUM, MULRONEY, and THOMPSON, JJ., concur.

HAYS, C. J., dissents to Division I and would reverse.

LARSON, J., takes no part.