COMMUNITY SCHOOL DISTRICT OF IOWA FALLS et al., appellees, v. KERMITH S. HUEHN, HARDIN COUNTY and FRANKLIN COUNTY BOARDS OF EDUCATION, appellants, OWASA COMMUNITY SCHOOL DISTRICT, intervenor-appellant.

No. 50669.

(Reported in 117 N.W.2d 474)

OCTOBER 16, 1962.

Lundy, Butler & Wilson, of Eldora, for appellants.

Don W. Barker, of Iowa Falls, for appellees.

HAYS, J.—In 1961, the Community School District of Iowa Falls undertook to include therein twelve sections of land then in the Owasa Community School District. In the usual course of procedure, the same was approved by the County Boards of Hardin and Franklin Counties. An election was held at which the Iowa Falls district voted as a unit; as did the Owasa district. Iowa Falls voted 76 to 1 in favor; Owasa voted 101 to 27 against, resulting in the defeat of the proposed reorganization.

This certiorari proceedings was commenced to determine the legality of the action of the County Boards in allowing the entire Owasa district to vote at the election. The trial court sustained the writ and voided the election. Defendants and intervenor appeal.

I.   There is no substantial dispute as to the facts. In 1862, Pleasant Hill School District was formed and in 1898 its name was changed to Owasa School District. Owasa was platted as a village in 1884 with a population of approximately 75 persons. It incorporated in 1920 with a population at the time of trial of 104 persons. In the 1960–61 school year, Owasa maintained a twelve-grade school but in the 1961–62 school year, only an elementary school of eight grades. In the Hardin County plan for reorganization (chapter 275, Code of 1958) the twelve sections here involved were designated for the Iowa Falls district. Iowa Falls district, at all times pertinent, had a resident average daily attendance in school of 300 or more pupils, the Owasa district less than 300 but not less than 100. In 1918, the Owasa district consolidated and later, under chapter 275, became a community district, with 43 sections of land, by adding a small tract of land. At the election the entire Owasa district electorate was allowed to vote.

II.   The primary issue before this court arises by virtue of section 275.20, Code of Iowa, and is whether or not Owasa district *is a rural independent school district* within the purview of said section.

So far as applicable, section 275.20 provides: "The voters shall vote separately in each existing school district affected or portion thereof upon the proposition to create such new school corporation. School districts affected or portion thereof shall be defined to mean that area included within the boundaries of the proposed new school corporation, *except* that where a portion of an existing school district operating a high school, or *a rural independent school district of eight sections or more operating a school formed prior to May 10, 1957, is included* * * *, that affected school district shall be defined as that existing district within and without the proposed new school corporation, and *in such districts the entire district shall vote.* * * *." (Italics ours.)

Just what is meant by "rural independent school district" does not appear to have heretofore been specifically before this court. The question as to what may constitute "an independent" district was passed upon in Des Moines Ind. Com. Sch. Dist. v. Armstrong, 250 Iowa 634, 95 N.W.2d 515. Rural Ind. Sch. Dist. v. McCracken, 212 Iowa 1114, 233 N.W. 147, held that section 4173, Code of 1927, dealing with the size of territory remaining after detaching territory to form a new independent school district, applied only to consolidated schools. It also contains a history of the Iowa school laws. See also Cook v. Consolidated School District of Truro, 240 Iowa 744, 38 N.W.2d 265. None of the above cited cases sheds light upon the instant question.

III. While we confess the answer is not clearly set forth in our school laws, a fair analysis thereof would seem to set forth at least a logical conclusion and answer.

Section 274.12 states that a new township shall constitute a school township. See Rural Ind. Sch. Dist. v. McCracken, supra.

Section 274.8 provides that the board of any school township may divide the same into subdistricts.

Section 274.35 states that upon the written request of one third of the legal voters of each subdistrict of any school township, an election shall be called to vote for or against *rural independent district organization.* If the vote favors such organization then each subdistrict shall become a *rural independent district.*

Section 274.36 allows a township which has been divided

into rural independent districts to be erected into a school township. See Claussen v. Perry, 248 Iowa 108, 79 N.W.2d 778.

Section 274.6 provides:

"School corporations composed of subdistricts shall be called school townships, and shall be designated as the school township of * * * in the County of * * *, state of Iowa.

"If there are two or more school corporations composed of subdistricts in any civil township, in addition to the foregoing they should be designated by number.

"Other school corporations shall be designated as follows: The independent school district of (naming city, town, township, or village * * *) in the county of ........, state of Iowa; or, the rural independent school district of ........, township of ........, in the county of ........, state of Iowa; or, the consolidated school district of ........, in the county of ........, state of Iowa; or, the community school district of ........, in the county of ........, state of Iowa."

We have held that any and all of the various types of school districts, recognized by our school laws, may properly be referred to, or classified as, independent districts, at least for some purposes, see Des Moines Ind. Com. Sch. Dist. v. Armstrong, supra, but to stop there would not aid appellants. Their burden is to show that Owasa is a *rural* independent district.

IV. While no one can well contend that our school laws warrant an "Oscar" for their clarity, it appears reasonably clear that we recognize different types or classes of school districts not as a mere nomenclature but based upon substance. The rural independent district comes into being under section 274.35, supra, and comes under the lowest classification of independent school districts. As the district changes in name it also changes in substance and transcends from the lower to a higher classification. See section 274.6. While rural independent school districts may revert to a school township, section 274.36, once such districts attain a higher classification, i.e., independent school districts of a town etc.; consolidated school; or community school, there is no statutory provision authorizing a reverting to a lower class. We hold that Owasa district by becoming a consolidated

district and later a community school district lost its classification as a rural independent district.

Appellant cites and places much stress on the case of Branderhorst v. County Board of Education, 251 Iowa 1, 99 N.W.2d 433. It is true that certain statements appearing on page 5, 251 Iowa, might be construed as being contrary to our opinion as stated above. A glance at the case will show that the case was decided upon an entirely different point and is of no help to these appellants. If said case is deemed to be adverse to our holding herein, the same is overruled to that extent.

V. Appellants further rely upon another part of section 275.20 not above set forth. It is: "Provided, however, that if two or more of the school districts affected have a resident average daily attendance in public schools of three hundred or more pupils * * *, the proposition must also receive a majority of the votes cast in *each* of *said districts* in order to be deemed carried, and in such districts the entire existing district shall vote."

It is stipulated Iowa Falls had in excess of 300 such pupils; Owasa had more than a hundred but less than 300. Appellants take a "United we stand, divided we fall" approach, that, since the two districts together come within the statutory exception, the trial court was in error. Appellants say the trial court had to read into the statute the word "each" following the word affected. We think the statute is clear and unambiguous. It clearly states "in each of said districts" and can only refer to the districts with a resident daily attendance in the public schools of 300 or more pupils. Not only is it unnecessary to add the "each" to give meaning to the statute, it is necessary under appellants' contention for the court to eliminate the word "each" as it is written therein. Owasa district, not having the required 300 pupils, is not covered by section 275.20, above quoted.

Also we call attention to section 4.1(3) of the Code, which reads as follows: "Words importing the singular number may be extended to several persons or things, and words importing the plural number may be applied to one person or thing, * * *." Unless a singular number is applied to the school districts with a prescribed daily attendance, section 275.20 is meaningless.

While other errors are assigned we find no merit therein.—Affirmed.

All Justices concur.