CONSOLIDATED SCHOOL DISTRICT OF GLIDDEN, Appellant, v. R. A. GRIFFIN, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Meetings—Failure to Notify
1 **Director.** The action of a school board at an annual meeting will not be invalidated because a member was not notified of the meeting because he was absent from the state and his whereabouts were not definitely known.

**SCHOOLS AND SCHOOL DISTRICTS:** Teachers—Power to Employ.
2 A "consolidated" school district is an "independent school district," within the meaning of Sec. 4230, Code of 1924, authorizing the school board to elect a superintendent for a period not exceeding three years.

Headnote 1: 35 Cyc. p. 904.  Headnote 2: 35 Cyc. p. 899.

*Appeal from Carroll District Court.*—J. A. HENDERSON, Judge.

DECEMBER 15, 1925.

SUIT to annul defendant's election as superintendent of schools. Decree for defendant, and plaintiff appeals.—*Affirmed.*

*Helmer & Minnich,* for appellant.

*E. A. Wissler,* for appellee.

MORLING, J.—The plaintiff's retiring board of directors, at the regular March meeting, 1925, just preceding the qualification of the newly elected directors, elected the defendant as superintendent for the two years commencing in September following. The plaintiff- contends, first, that the board of a consolidated district has no power to employ a superintendent for more than one year, and, second, that a board has no authority to contract for the services of a teacher wholly to be performed during the term of office of the succeeding board.

The plaintiff was organized about 1917. At the March election, 1925, two new members of the board were elected. At "about" 7:30 of the day for the regular annual meeting of the board, March 16, 1925, the old board convened, elected the defendant as superintendent for two years, retained certain teachers for the ensuing year, at stated salaries, allowed a number of bills, signed the contract with the defendant for 72 weeks, commencing September 7, 1925, and adjourned. The two new members were then sworn in, and the board reconvened, as reconstituted, re-elected the former president, appointed their committees, and adjourned. A month later, the board passed a resolution declaring the contract with defendant to be void, and shortly afterward commenced this action.

I. One of the members of the board was in California at the time of the March meeting, and had been there for a number of months. He was not notified of the meeting. The secretary testified that he did not know definitely where this member was. Appellant contends that, because of want of notice to this member, the action of the meeting was void. The business of a corporation will not be held in suspense, or the action of the remaining members of the board be held void, because of want of notice to one of the members who is absent and unable to be present. *Rafferty v. Town Council of Clermont,* 180 Iowa 1391, 1398, and cases cited; *Gale v. City of Moscow,* 15 Idaho 332 (97 Pac. 828).

1. SCHOOLS AND SCHOOL DISTRICTS: meetings: failure to notify director.

II. It is next claimed by appellant that the directors of a consolidated district have no power to employ a superintendent for more than one year. Section 4230, Code of 1924, provides:

"The board of directors of any independent school district

or school township where there is a township high school shall have power to employ a superintendent of schools for one year. After serving at least seven months, he may be employed for a term of not to exceed three years."

The defendant had served more than seven months at the time of the election in question. It is claimed that a consolidated district is not an independent school district, within the meaning of this section. In *Independent Sch. Dist. v. Pennington*, 181 Iowa 933, it was held that, under the statutes then in force, the board of directors of a rural independent school district had no power to employ a teacher for a period wholly within the term of office of a succeeding board,—following *Burkhead v. Independent Sch. Dist.*, 107 Iowa 29. A different question is presented here, and is whether the plaintiff is an independent district, within the meaning of the present statute, Section 4230, above quoted. Section 4124 declares:

2. SCHOOLS AND SCHOOL DISTRICTS: teachers: power to employ.

"School corporations composed of subdistricts shall be called school townships * * * Other school corporations shall be designated as follows: The independent school district of * * * or the rural independent school district of * * * or the consolidated school district of * * *"

Section 4125 provides:

"The affairs of each school corporation shall be conducted by a board of directors, the members of which in all independent school districts shall be chosen for a term of three years, and in all subdistricts of school townships for a term of one year."

Section 4154 provides:

"Consolidated school corporations * * * may be organized as independent districts for the purpose of maintaining a consolidated school * * *"

Section 4198, in prescribing the number of members of a board to be elected, mentions independent districts, consolidated districts, and rural independent districts. Section 4190 makes the provisions of law relative to common schools applicable alike to all districts, except when otherwise clearly stated, and the powers given to one form or board of one kind of corporation exercisable by the other, as nearly as practicable.

The statute authorizing the election of superintendent for three years, as originally enacted, in terms included consolidated independent school districts. Code Supplemental Supplement, 1915, Section 2778. Consolidated districts have, in all of the statutes except Chapter 175 of the Laws of the Thirty-ninth General Assembly, been named as consolidated independent school districts. The law in force at the time the present dis-·trict was organized would make the plaintiff a consolidated independent school district. Section 4230 authorizes the employment of a superintendent. It is the only section that does. It is not denied that a consolidated district may employ a superintendent. Such power seems to be conceded. If it may, by statutory authorization, employ a superintendent at all, it is by force of this section; and, as the authority is granted only to independent districts and to school townships having high schools, the consolidated district is necessarily an independent district, within the meaning of the section. The authority granted is to employ a superintendent for a term not to exceed three years, if he has served at least seven months. The thought of the section seems to be that townships having no high school would not be expected to employ a superintendent, and that districts other than school townships are independent districts. We are, therefore, of the opinion that the employment in question was authorized.

III.   The right of the old directors to convene and transact the business of the district at the meeting of March 16, 1925, prior to the qualification of the newly elected members, is not denied. The newly elected members might, if they had so desired, have qualified and taken office earlier. Whether the action of the retiring members was in defiance of the will of the electors or discourteous, or whether they were forestalling the action of their successors, is not for our consideration. The only question before us is one of power.

The judgment is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.