JOHN FERGUSON et al., appellants, v. WALTER BRICK, city clerk of Des Moines, et al., appellees.

No. 49198.

(Reported in 82 N.W.2d 849)

MAY 7, 1957.

Paul W. Steward, of Des Moines, for appellants.

Milton W. Strickler and I. Joel Pasternak, both of Des Moines, for appellees.

HAYS, J.—The crucial question presented by this appeal is whether or not the provisions of sections 363B.12 to 363B.21 inclusive, Code, 1954, are applicable to elected officials of a city operating under authority of chapter 363C, Code, 1954.

The case is here on appeal from a judgment sustaining defendants' motion to dismiss. The city of Des Moines, Iowa, is operating under the provisions of chapter 363C, which is termed the Council-Manager form of Municipal Government by Election. Plaintiffs, electors of said city, acting under the provisions of sections 363B.12 to 363B.21 inclusive, filed a petition

asking the removal of two elected city officials, to wit, two councilmen. The petition was ordered filed by the council and no further action was taken. This action in mandamus seeks an order requiring the city clerk and council to proceed with the matter as provided for in said sections. The trial court held the provisions of said sections 363B.12 to 363B.21 inclusive were not applicable to elected officials of cities operating under chapter 363C.

Sections 363B.12 to 363B.21 inclusive are found in chapter 363B, Code, 1954, which is titled "Commission Form of Municipal Government", and appear under a subheading "Removal from Office." Section 363B.12, in part, provides: "The holder of any elective office may be removed at any time by the electors qualified to vote for a successor of such incumbent. The procedure * * * shall be as follows: A petition signed by electors * * *, equal in number to at least twenty-five percent of the entire vote for all candidates for the office of mayor cast at the last preceding general municipal election * * *." The remaining sections in question outline the procedural steps required.

The above is the only statutory provision for removal of public officials by a popular vote, see sections 66.1 and 66.29, Code, 1954, and first appeared in chapter 48, Acts of the Thirty-second General Assembly. The chapter is entitled "An Act to provide for the government of certain cities, and the adoption thereof by special election. 'Additional to title five (V) of the code.'" The chapter authorized the adoption by certain cities of the Commission Form of Government and as an integral part thereof is found what are now sections 363B.12 to 363B.21 inclusive, Code, 1954, then section 18 of said chapter 48.

Municipal corporations are creatures of the legislature and, as such, have and can exercise only such rights and powers as have been conferred upon them, either direct or by necessary implication. Prior to 1951 the laws relating to the conduct of business of the various municipalities were complicated, confusing, duplicated and contradictory. The Fifty-fourth General Assembly, seeking to correct this undesirable situation, and in line with recommendations of the "Municipal Statutes Study Committee" created by the Fifty-third General Assembly, made

a sweeping and comprehensive revision of such laws. Appellants, while not specifically, but we think inferentially, admitting that said sections as originally enacted were limited to officials elected under the Commission Form of Government, now contend that under the revisions by the 54th G. A. they apply to all municipal corporations.

To attempt to trace the various changes and rearrangements of statutes made by the revisions would be to unduly extend this opinion and probably leave the reader in a state of quandary and confusion. Suffice it to say, generally speaking the 54th G. A., by its enactments, placed the laws relating to the general powers of municipal corporations under one chapter and made them applicable to all forms of Municipal Government: Chapters 145 and 151; laws relating to the Mayor-Council form exclusively, by chapter 146; laws relating particularly to the Council-Manager form of Government, by chapter 164; and laws relative primarily to the Commission Form of Government, by chapter 163.

Chapter 416, Code, 1950, dealt with the Commission Form of Government, originally chapter 48, Acts 32d G. A. This chapter (416) was revised by chapter 163, Acts 54th G. A., which states, "AN ACT to provide for the government of cities and towns under the commission form of municipal government, and to repeal various sections of chapter * * * (416), Code 1950, relating thereto and to enact a substitute therefor." The Act contains eleven sections which supersede many sections that are repealed. No mention is made as to sections 416.63 to 416.72 inclusive relating to removal. In the Code of 1954 the Code Editor, under chapter 416, stated that all sections of this chapter of the 1950 Code were repealed or transferred as indicated. He then lists each section of the chapter showing whether repealed or transferred. Sections 416.63 to 416.72 inclusive are shown as transferred to a new chapter 363B, which contains the sections enacted under chapter 163, Acts 54th G. A., and which new chapter is captioned "Commission form of Municipal Government."

Appellants in commenting upon the action of the Fifty-fourth General Assembly, particularly with chapter 163 thereof,

state, "No reference is made to the recall provisions. They are not repealed. Neither are they embodied in the new enactment of laws 'relating solely to the Commission form of municipal government'." We agree that they were not repealed. It is true they were not mentioned in chapter 163 and there is no reason why they should have been *unless* it was the intention of the Fifty-fourth General Assembly to change them. It should be noted that chapter 416, Code, 1950, was not repealed in toto. Only certain sections thereof, either because transferred or re-enacted under other chapters, or, being obsolete, were replaced by the new provisions of chapter 163. This may be done. 82 C. J. S., Statutes, sections 245 and 259; Robbins v. Beatty, 246 Iowa 80, 67 N.W.2d 12. If originally intended to apply only to officials under the Commission form, and we think they were, the fact that they remained, without comment, in the chapter dealing with such form of government, clearly discounts appellants' contention that "it was clearly the intention of the legislature that the recall provisions should apply to all municipal corporations, regardless of the form of government." Appellants quote from 59 C. J., Statutes, 1096, section 647, as the same appears in Benschoter v. Hakes, 232 Iowa 1354, 1359, 8 N.W.2d 481, 485, as follows: "'An amended act is ordinarily to be construed as if the original statute had been repealed, and a new and independent act in the amended form had been adopted in its stead; * * *'." However in the same section on page 1097 appears the following: "Where an amendment leaves certain portions of the original act unchanged, such portions are continued in force, with the same meaning and effect they had before the amendment." See 82 C. J. S., Statutes, section 384, page 903; State ex rel. Iowa State Board of Assessment and Review v. Local Board of Review, 225 Iowa 855, 283 N.W. 87. We find nothing in chapter 163, Acts 54th G. A., that lends support to appellants' contention that the legislature intended the "removal statutes" to apply to all forms of government.

Appellants further contend that the removal sections, being general laws, apply to all forms of city government. It is said, "It was the obvious and express intention of the legislature to make all laws pertaining to municipal corporations in general

applicable to both the Commission form and Council-Manager form of government." The basis for this contention is that the words "The holder of any elective office may be removed * * *" is so broad and all-inclusive as to apply to all elective officials, irrespective of the form of city government under which they were elected; that irrespective of the initial effect of the enactment, subsequent acts of the legislature have made them applicable to all. Sections 363C.14 and 368.42, Code, 1954, are cited in support thereof. Section 368.42, under chapter title "Cities and Towns—General Powers", provides: "Except as otherwise specifically provided, all laws heretofore or hereafter enacted which by their terms are made applicable to municipal corporations generally, shall be applicable to municipal corporations organized and operating under the commission form * * * and * * * the council-manager form * * *." Chapter 368, Code, 1950, which was entitled "Cities and Towns—General Powers" contained 46 sections dealing with the general powers usually exercised by cities and towns, such as are generally described in section 368.2 thereof. By chapter 151, Acts 54th G. A., all 46 sections were repealed except sections 368.5 to 368.8 inclusive, and 35 new sections enacted as a substitute therefor. These new sections dealing with powers usually recognized as proper functions of city government are, in the main, similar to those repealed, and were made applicable to all forms of city government by section 1 thereof. The Fifty-fifth General Assembly, chapter 170, as an amendment to chapter 151, Acts 54th G. A., granted some additional powers and added what is section 368.42, Code, 1954. The only purpose of this addition would seem to be to insure that any and all powers granted *after* the enactment of chapter 151, Acts 54th G. A., should apply to all forms of city government.

Section 363C.14, Code, 1954, first appeared in chapter 164, section 14, Acts 54th G. A. This chapter amended certain sections of chapter 419, Code, 1950, which was entitled "City Manager Plan by Popular Election." Said section 363C.14 is as follows: "Unless otherwise specifically provided by statute, all laws which are applicable by their terms to all cities and towns shall be applicable to cities under the city manager plan by popular election, * * *."

Nowhere in these statutes do we find anything that even remotely deals with sections 363B.12 to 363B.21 inclusive, Code, 1954, other than that if said sections embrace what would be termed "a general power of a city" they become applicable to the instant form of city government.

 Is the removal power as set forth in sections 363B.12 to 363B.21 inclusive, Code, 1954, to be considered a general power? Relative Municipal Corporations, powers granted by the legislature, are of two kinds: General, being those usually possessed by all such corporations, or powers conferred in general terms; special or particular, which are granted for particular purposes or to particular corporations. 62 C. J. S., Municipal Corporations, section 113; 37 Am. Jur., Municipal Corporations, section 97; Eckerson v. City of Des Moines, 137 Iowa 452, 115 N.W. 177, wherein chapter 48 of Acts of 32d G. A. was under consideration, holds that said chapter is limited or particular in that it embraces a particular form of government, i.e., the Commission form.

 Appellants argue that the sections in question are not ambiguous and need no construction. What ambiguity may be here arises from a disagreement as to the scope of the words "The holder of any elective office", which disagreement may only be settled by ascertaining the *intent* of the legislature *at the time of the enactment* thereof. Case v. Olson, 234 Iowa 869, 14 N.W.2d 717; 50 Am. Jur., Statutes, sections 236 and 237; 82 C. J. S., Statutes, sections 329 and 353. While generally speaking, words of a statute are given their ordinary meaning, words ought to be more subservient to the intent and not the intent to the words. Sinclair Refining Co. v. Burch, 235 Iowa 594, 596, 16 N.W.2d 359, 361; Sexton v. Sexton, 129 Iowa 487, 105 N.W. 314, 2 L. R. A., N. S., 708. In ascertaining such intent consideration should be given to the Act as a whole and not to the ambiguous words alone, as if they were isolated and independent of the Act of which they are a part. City of Dubuque v. Meuser, 239 Iowa 446, 31 N.W.2d 882; State v. City of Des Moines, 221 Iowa 642, 266 N.W. 41. It is clear that the legislature in the enactment of chapter 48, Acts 32d G. A., had one purpose in mind. It was to authorize cities of the State to adopt

a new type of government, and in the various sections of the Act to spell out the various details relative to such a type of government. Search as we may, there is nothing in the chapter itself, or in the argument and authorities presented by appellants, that, in our judgment, leads to the conclusion contended for by appellants, that section 18, chapter 48, Acts 32d G. A., although a part of an enactment devoted to the Commission Form of Government, was a general provision intended to embrace and apply to all cities irrespective of the form of government. If, as originally enacted, section 18 was intended to be limited in its application to the Commission form of Government, it remains thus limited, unless and until the legislature decrees otherwise. This it has not done, as certainly the statutes relied upon by appellant, sections 363C.14 and 368.42, Code, 1954, which merely purport to make general laws applicable to all forms of government, cannot and do not transform laws of limited or restricted application into general laws.

One other feature of section 18, chapter 48, Acts 32d G. A. (sections 363B.12 to 363B.21 inclusive), that tends to negative its application to the instant type of government is that the initial petition is to be signed by a certain number of electors based upon the vote cast for all candidates for mayor at the last general municipal election. Under the Council-Manager form there is no vote cast for a mayor, although there is under the Commission form. While this may not bear the significance attached thereto by appellees, it does appear significant.

We hold sections 363B.12 to 363B.21 inclusive are not applicable to officials elected under chapter 363C, Code, 1954, and that the judgment of the trial court is correct and should be affirmed.—Affirmed.

All JUSTICES concur.