DES MOINES INDEPENDENT COMMUNITY SCHOOL DISTRICT, appellee, v. O. E. ARMSTRONG et al. (members of Board of Supervisors), HOMER ADCOCK, County Auditor, et al., all of Polk County, appellants.

No. 49674.

(Reported in 95 N.W.2d 515)

MARCH 10, 1959.

Norman A. Erbe, Attorney General, Leonard C. Abels, Assistant Attorney General, Ray Hanrahan, County Attorney, and A. R. Shepherd, Assistant County Attorney, all of Des Moines, for appellants.

Herrick & Langdon, of Des Moines, for appellee.

GARFIELD, J.— The question presented is whether section 297.5, Codes 1954, 1958, permits the directors of plaintiff, Des Moines Independent Community School District, to certify, and—if certified—requires defendant county board of supervisors to levy, an annual tax not exceeding one mill to be placed in the schoolhouse fund and used for the purchase of schoolhouse sites. The district court, on agreed facts, gave an affirmative answer to this question. We approve the decision.

In the past the directors of plaintiff-district certified the amount of $125,000 to defendant board of supervisors who levied a tax in such amount to be placed in the schoolhouse fund and used for the purchase of sites for plaintiff-district. On November 29, 1957, the state attorney general issued an opinion that this may not be done because plaintiff is not an "independent" district. Defendant board then denied plaintiff's directors were entitled to certify an amount and require it to be levied as a tax for the schoolhouse fund. This action was thereupon commenced for a declaratory judgment that plaintiff's board is entitled to proceed as in the past in certifying and causing the tax to be levied.

Effective July 1, 1957, Des Moines Independent School District was enlarged by the inclusion of Elm Grove Rural Independent School District. In the election, on the proposition whether such enlarged district should be established containing the territory then included in the two districts, 63 ballots were cast in the Elm Grove district and 11,016 in the Des Moines district.

Section 297.5, Codes, 1954, 1958, under which plaintiff

claims the right to certify, and cause defendant board to levy, the tax in question, provides: "The directors in any independent district whose territory is composed wholly or in part of territory occupied by any city may * * * certify an amount not exceeding one mill to the board of supervisors, who shall levy the amount so certified, and the tax so levied shall be placed in the schoolhouse fund and used only for the purchase of sites in and for said school district."

It is not questioned that the territory of plaintiff-district is composed wholly or in large part of territory occupied by the City of Des Moines. Defendants insist, however, that after enlargement of the Des Moines district by inclusion of the Elm Grove district—which doubtless was the establishment of a new district—plaintiff is a community district, not an independent one, within the meaning of section 297.5.

We now set out section 274.2 which plaintiff claims, and the trial court held, makes section 297.5 applicable to plaintiff regardless of whether it is an independent district. It is in Code chapter 274, entitled "School Districts in General." Section 274.2 provides: "The provisions of law relative to common schools shall apply alike to all districts, except when otherwise clearly stated, and *the powers given to one form of corporation, or to a board in one kind of corporation, shall be exercised by the other in the same manner, as nearly as practicable.* But school boards shall not incur original indebtedness by the issuance of bonds until authorized by the voters of the school corporation." (Emphasis added.)

I. Considering first the effect of 274.2, it seems plainly to be that where the board of one kind of school corporation is given power by statute the power shall be exercised by boards of other kinds of school corporations in the same manner, "as nearly as practicable." It is obvious 274.2 does not extend the rights conferred by 297.5 to the board of a district not composed in whole or part of a city. Such extension would clearly not be practicable. It would seem, however, 274.2 does make 297.5 available to plaintiff's board unless this is not practicable. It appears entirely practicable for such a district as plaintiff to certify and cause to be levied the tax in controversy here. We

see no fair basis for concluding that the language of 274.2, "as nearly as practicable", limits the power of plaintiff in the respect here questioned.

"Practicable" means capable of being performed or effected; feasible; possible. 72 C. J. S., pages 467, 468; Webster's New International Dictionary. See also Gifford v. New Amsterdam Cas. Co., 216 Iowa 23, 24, 248 N.W. 235. Webster lists "impossible" as one of two antonyms for "practicable." Section 274.2 requires only that other kinds of school corporations exercise the powers conferred on any one kind "as *nearly* as practicable." Complete practicability is not exacted.

Consolidated School District v. Griffin, 201 Iowa 63, 66, 206 N.W. 86, 87, involves a question somewhat analogous to the one here. There section 4230, Code, 1924 (now, with an addition not here material, section 279.14, Codes, 1954, 1958), provided "The board of directors of any independent school district or school township where there is a township high school shall have power to employ a superintendent of schools for one year. After serving at least seven months, he may be employed for a term of not to exceed three years." It was claimed "a consolidated district is not an independent school district, within the meaning of this section." The opinion refers to section 4124, Code, 1924 (now section 274.6, Code, 1958, except that the names of community school districts have been added), setting out the names by which school corporations shall be designated, and to what is now section 274.2 (4190, Code, 1924), quoted above, and goes on to hold:

"The law in force at the time the present district was organized would make the plaintiff a consolidated independent school district. Section 4230 authorizes the employment of a superintendent. It is the only section that does. It is not denied that a consolidated district may employ a superintendent. Such power seems to be conceded. If it may, by statutory authorization, employ a superintendent at all, it is by force of this section; and, as the authority is granted only to independent districts and to school townships having high schools, the consolidated district is necessarily an independent district, within the meaning of the section. The authority granted is to employ a superintendent for a term not to exceed three years, if he has

served at least seven months. The thought of the section seems to be that townships having no high school would not be expected to employ a superintendent, and that districts other than school townships are independent districts. We are, therefore, of the opinion that the employment in question was authorized."

The Griffin decision is approved and the language just quoted is repeated in Hahn v. Clayton County, 218 Iowa 543, 549, 550, 255 N.W. 695. It is also cited in Rural Independent School Dist. v. McCracken, 212 Iowa 1114, 1123, 233 N.W. 147, 151, for the proposition, "A consolidated school district classifies for some purposes as an independent district." Grant v. Norris, 249 Iowa 236, 249, 85 N.W.2d 261, 268, says the successor to the consolidated district is commonly called "community."

In contending section 274.2 does not make available to plaintiff the right to certify and have levied the tax provided for by 297.5 defendants rely heavily upon Ferguson v. Brick, 248 Iowa 839, 844, 82 N.W.2d 849, 850. We think there is a vital distinction between the cited case and this. In the former the question was whether a statute providing for removal from office of elected officials, found in the chapter titled "Commission Form of Municipal Government", is applicable to officials of the Council-Manager form. It was contended the statute is made applicable to officials of the latter form of government by Code, 1954, section 363C.14, which states: "Unless otherwise specifically provided by statute, all laws *which are applicable by their terms to all cities and towns* shall be applicable to cities under the city manager plan * * *." (Emphasis added.) Section 368.42, similar to 363C.14, was likewise relied upon.

We held the removal provision is not one applicable by its terms to all cities and towns but is limited to officials of the Commission form of city government. We also pointed out that the removal statute requires the petition for removal to be signed by a certain number of electors based upon the vote for mayor at the last election and under the Council-Manager form, unlike the Commission form, there is no vote for mayor. Here section 274.2 specifies that except when otherwise clearly stated the powers given *one form* of school corporation or a board in *one kind* of corporation shall be exercised by the other, as nearly as practicable. This statute is unlike those involved in Fer-

guson v. Brick, supra, in that it does not provide powers given all school corporations are exercisable by some designated kind of corporation.

Nothing in Cook v. Consolidated School Dist., 240 Iowa 744, 38 N.W.2d 265, is inconsistent with our decision here. Indeed the Cook opinion quotes what is now section 274.2 (4190, Code, 1935) and says it "applies to all common school districts referred to therein, including consolidated districts." (Pages 758, 759 of 240 Iowa, page 272 of 38 N.W.2d.) As defendants assert in argument, consolidated districts are the predecessors of community districts. And the above language from the Cook case regarding the former is equally applicable to community districts.

Defendants' argument that section 274.2 is inapplicable here is, in the main, based on the claim section 297.5 is not a general statute applicable to all kinds of school corporations, but is special, available only to independent districts with territory composed in whole or part of territory occupied by a city or town. Of course 297.5 is not applicable to an independent district not composed at least in part of city or town territory. The legislature has by clear implication so provided. But we think the argument misapprehends the meaning of 274.2, explained above, in providing that powers given *one form* of school corporation—not all forms—are exercisable by the other. Followed to its logical conclusion defendants' argument would leave 274.2 practically meaningless.

Defendants contend it is a violation of Article VII, section 7, Iowa Constitution, for plaintiff to avail itself of section 297.5 by reason of 274.2. This constitutional provision is, "Every law which imposes * * * a tax, shall distinctly state the tax * * *; and it shall not be sufficient to refer to any other law to fix such tax * * *." The record does not show any claim of unconstitutionality was made until the case reached this court. We have repeatedly held constitutional questions cannot be raised for the first time here. Jacobs v. City of Chariton, 245 Iowa 1378, 1394, 65 N.W.2d 561, 569, and citations; State v. Meeks, 245 Iowa 1231, 1240, 65 N.W.2d 76, 81, and citations. See also 3 Am. Jur., Appeal and Error, section 293; 4 C. J. S.,

Appeal and Error, section 234 ("It is a rule of general application that the constitutionality of a statute cannot be first questioned on appeal * * *.").

■ II.  While the above is determinative of the case we are inclined to rest our decision also upon another ground.  We think plaintiff-district, although organized as a community district under chapter 275, Codes 1954, 1958, may fairly be termed an independent district within the meaning of 297.5, irrespective of 274.2.

It is true section 275.27 provides, "School districts created or enlarged under * * * this chapter shall be known as community school districts * * *."  And section 274.6, Code, 1958, states "School corporations composed of subdistricts shall be called school townships * * *. * * *

"Other school corporations shall be designated as follows:" (Here are listed independent, rural independent, consolidated and community school districts.)

Section 274.6 has a long legislative history.  Commencing at least as early as the Code of 1873 until 1924 school corporations were divided into two classes, those composed of subdistricts—called school townships—and independent or rural independent districts.  Section 1, chapter 16, Acts of the Fortieth Extra General Assembly, in 1924 (section 4124, Code, 1924), added consolidated districts to school corporations other than school townships.  Thus the law stood until the Fifty-sixth General Assembly in 1955, by section 1, chapter 136, added community school districts to this second group.

Rural Independent School Dist. v. McCracken, supra, 212 Iowa 1114, 1122, 1123, 233 N.W. 147, 151, decided in 1931, says: "By way of prefatory statement, it may be well to note the statutory classification of school corporations in this state.  Our statute recognizes two kinds, namely, (1) School Townships that are divided into subdistricts and (2) Independent Districts. * * *

"* * * For the purpose of administration and for the purposes of nomenclature and accommodating the size of the board to the size of the school corporation, independent districts are divided into a number of classes descriptive of the kind of territory included within the boundaries thereof.  Section 4124,

Code, 1927. This is, however, a mere matter of name. A consolidated school district classifies for some purposes as an independent district. Consolidated School District of Glidden v. Griffin, 201 Iowa 63."

As previously noted, section 4124 is now 274.6, Code, 1958, except community districts have been added. However, this addition does not alter what is said in the McCracken opinion. And if, as there stated, a consolidated district may be classed for some purposes as an independent district, no reason is apparent why a community district may not be similarly classified.

Rural Independent School Dist. v. McCracken, supra, also points out significantly (pages 1123, 1124 of 212 Iowa) : "The oldest form of school district in Iowa today is the school township composed of subdistricts. Before there were any independent school districts in this state there was a statute that still remains as section 4130, Code, 1927, in almost its exact original form, requiring that, 'when a new civil township is formed, the same shall constitute a school township.' For this reason independent districts have never been formed from virgin territory, that is, from territory not included in some other form of school district. They have always been formed out of the territory of districts, or parts of same, already in existence, and originally at the voluntary instigation of the territory to be made independent."

Section 4130, Code, 1927, is now section 274.12, Code, 1958. Thus it seems certain districts came to be called "independent" because they were independent of or separate from the school townships from which, in whole or part, they were formed. They were first called "separate" rather than "independent." Chapter 172, section 84 et seq., Laws Ninth General Assembly. The language last quoted from the McCracken opinion is approved and repeated in State ex rel. Little v. Owens, 244 Iowa 1356, 1358, 1359, 60 N.W.2d 521, 522, 523.

The legislature itself has referred to consolidated districts as independent. Thus section 277.4 provides, "Nomination papers for all candidates for election to office in each independent city, town, or consolidated district shall be filed" etc. And section 276.1, Code, 1950, repealed by chapter 117, Laws Fifty-

fifth General Assembly in 1953, stated: "Consolidated school corporations containing * * * not less than sixteen * * * sections of contiguous territory * * * may be organized as independent districts for the purpose of maintaining a consolidated school * * * ."

The legislature seems to have used the term "independent" in the two statutes last referred to in the sense in which the term is used in the McCracken opinion, supra, as meaning independent of the school township or townships from which the territory was taken. And, as the quotation from Consolidated School District v. Griffin, supra, 201 Iowa 63, 66, 206 N.W. 86, 87, states, the thought of what is now section 279.14 seems to be "that districts other than school townships are independent districts."

It should be understood the laws providing for formation of new consolidated districts were repealed in 1953 and superseded by Code chapter 275, providing for organization of community districts. If, as is apparent, there might be independent consolidated districts we see no reason why there may not be independent community districts.

Chapter 275 provides a comprehensive plan for establishment or enlargement of school districts. This is about all it does. In its enactment the legislature evidently made no attempt to provide a new set of laws governing administration and operation of schools within the newly established or enlarged districts. It seems hardly reasonable that the lawmakers would intend, by the enactment of chapter 275 (including section 275.27) and the addition of community schools to section 274.6 (listing the names of school corporations), to make section 297.5 inapplicable to an independent district which enlarges its boundaries under chapter 275. It is not claimed any substitute for 297.5 was provided. It is more reasonable to conclude the legislature, in the absence of a clear provision to the contrary, intended the existing statutes to apply to the reorganized districts.

Unless several existing statutes, by their terms applicable to such an independent district as plaintiff prior to its enlargement, remain applicable to it, the law seems to be silent on such vital matters as time of holding school elections (section 277.1); filing nomination papers for candidates for office (277.4); terms

of directors (277.24); publication of disbursement of funds (279.32); and establishment of part-time schools (289.1). This list is not all-inclusive.

We have just referred to section 277.24. It provides, "Members of the board in all independent districts and undivided school townships shall be chosen at the regular election * * *." It seems clear the term "independent districts" is here used as meaning districts other than school townships.

The names "community school districts" in section 275.27 and "community school district" in 274.6 seem to be used mainly to identify the method by which the districts came into existence or the territory included therein. No other particular significance from use of these terms is apparent. The basic reasons for enactment of section 297.5, whatever they may be, were not changed by the passage of chapter 275 nor by the enlargement of plaintiff-district thereunder to include the Elm Grove district. No good reason is suggested why the enlargement of plaintiff should leave section 297.5 unavailable to it.

Upon the above considerations it is our opinion the term "any independent district" in 297.5 refers to districts other than school townships and, more particularly, plaintiff did not cease to be such a district by its enlargement under chapter 275.

III. We have given careful consideration to the attorney general's opinion referred to at the outset hereof. We are reluctant to disagree with an opinion of the attorney general but are persuaded to do so here. Of course his opinions are not binding upon us and it is our duty to make independent inquiry as to the interpretation to be given the statutes involved. City of Nevada v. Slemmons, 244 Iowa 1068, 1071, 59 N.W.2d 793, 794, 43 A. L. R.2d 693, 695; Lever Brothers Co. v. Erbe, 249 Iowa 454, 470, 87 N.W.2d 469, 479, 480.

The attorney general's opinion here makes no reference to section 274.2 which we think is very important. Perhaps it was not called to his attention. The only decision the opinion refers to is Cook v. Consolidated School District, supra, 240 Iowa 744, 38 N.W.2d 265, heretofore mentioned, which deals with the statutory method of enlarging consolidated districts.

IV. The precise question presented here has never before been decided by us. Our attention has been called to a recent decision of District Judge Harvey Uhlenhopp in Hamilton County involving a three-county community district. Upon substantially identical facts the holding in carefully prepared findings and conclusions is similar to that reached by the trial court here.

V. Defendants have called attention to the passage, since the submission of this appeal, of House File 206 by the Fifty-eighth General Assembly now in session. Section 26 of this bill, which becomes law next July 4, strikes from section 297.5 the word "independent", thus making the statute applicable to "any district whose territory is composed wholly or in part of territory occupied by any city." Presumably this will avoid future controversies such as this and lessen the practical importance of this opinion as a precedent. H. F. 206 also makes it clear most of the statutes referred to in Division II hereof apply to community districts. This is our conclusion irrespective of the newly enacted bill.

Defendants in effect suggest the passage of H. F. 206 aids the interpretation they place upon the pre-existing law since, they say, we will presume the legislature will not do a useless Act. It is true an amendment to a statute usually indicates an intention to change its meaning, but this is frequently not true. Statutes are often amended so they will clearly express what was previously supposed or intended to be the law. Hansen v. Iowa Employment Sec. Comm., 239 Iowa 1139, 1141, 1142, 34 N.W.2d 203, 205, and citations.

We think H. F. 206 is not entitled to controlling consideration. Courts are not bound by the construction one legislature may put upon the Acts of a previous session. The interpretation of an existing statute is a judicial, not a legislative, function. The legislative intent that is controlling in the construction of a statute has reference to the legislature which enacted it, not a subsequent one. Hansen case, supra, last above, and citations; In re Guardianship of Wiley, 239 Iowa 1225, 1231, 34 N.W.2d 593, 596, and citations; Anderson v. Hadley, 245 Iowa 550, 559, 63 N.W.2d 234, 239.

646

Our views on the effect of this new law are consistent with the explanation printed thereon when introduced in the Fifty-eighth General Assembly: "Since the reorganization law provides that all new districts formed shall be called 'community districts' some of the rights, powers and duties of * * * school district [s] have been in question due to the fact that other sections of the Code have not been modified to include community districts."—Affirmed.

All JUSTICES concur.