Per Curiam.

This is an action in mandamus instituted in this court, whereby relator, Fast & Company, seeks an order requiring respondent, the Industrial Commission of Ohio, to deny an application for an additional award for the violation of a specific safety requirement and to prohibit respondent from assessing against relator the additional amount awarded for such alleged violation.
The facts are not in dispute. Relator, an Ohio corporation and a complying employer under the Workmen’s Compensation Act, is engaged in the business of painting the exteriors of buildings.
On June 29, 1960, an employee of relator, one Millard Patrick, while painting a building in the course of his employment fell from the scaffold on which he was working and suffered injuries which resulted in his death, when the rope by which the scaffold was held against the side of the building broke, allowing the scaffold to sway from the side of the building. A claim for death benefits was filed and allowed. Subsequently, the widow filed an application for an additional award based on relator’s alleged violation of a specific safety requirement.
It is alleged by the widow that relator violated Section 247, Bulletin 202, Code of Specific Safety Requirements Relat *200 ing to Building and Construction Work, which provides as follows:
“Whenever practicable, the platform of swinging scaffolds shall be so lashed or secured while in use that they cannot sway from the structure.”
Upon a hearing, the additional award was allowed, a motion for rehearing was filed by relator, such rehearing was held, and the award was affirmed.
The sole question raised by this action is whether Section 247 creates a specific safety requirement. Relator contends that it prescribes only a general course of conduct leaving to the employer the determination of not only the practicability but also the method to be employed if such section is complied with. In support of its position, relator cites State, ex rel. Rae, v. Industrial Commission, 136 Ohio St., 168. In the opinion, at page 172, the court states:
“What specific things did Section 87 require the employer to do? The section provides that ‘it shall be the duty of the operator to see that all men employed in the tunnel are supplied, at all times, with such timbers, other materials, equipment and supplies as are necessary * * V What timber, material, equipment or supplies? Who is to determine the necessity? Obviously, determination is left to the judgment of the employer. The constitutional provision does not impose a penalty for an error in judgment committed by an employer, but it does provide a penalty for violation of a specific requirement. Section 87 does not impose a specific requirement but vests in the employer the power to exercise his judgment with respect to determining the question of necessity. The specific thing to be done is left to the judgment of the employer, as is also the method to be employed. Such a section cannot be said to be a specific requirement. It is the duty of the commission to prescribe such specific safety requirements as will forewarn the employer and establish a standard which he may follow. The section here involved is clearly not a ‘specific requirement.’ ”
“Specific requirement” is defined in the syllabus of State, ex rel. Holdosh, v. Industrial Commission, 149 Ohio St., 179, as follows:
*201 “The term, ‘specific requirement,’ as used in Section 35, Article II of the Constitution of Ohio, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders of the Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligations toward his employees. ’ ’
Does Section 247 in the present case state lawful, definite and spceific requirements or standards of conduct which plainly apprise an employer of his legal obligations to his employees?
This rule requires that, whenever practicable, platforms of swinging scaffolds shall be so lashed or secured that they cannot sway from the building.
This rule is directed at a specific business and a specific instrument used in such business, a scaffold, and it requires a specific thing to. be done in relation to the use of such scaffold.
The employer has no discretion as to determining the necessity of such securance; the rule is specific in that it requires the securance if practicable.
Belator urges that, inasmuch as the rule requires precautions only when practicable, it leaves it within the discretion of the employer to determine this and is too indefinite. The word, “practicable,” has a definite meaning. It means capable of being put into practice or accomplished. Webster’s New International Dictionary (3 Ed.); Unverzagt v. Prestera, 339 Pa., 141, 13 A. (2d), 46; and Des Moines Independent Community School District v. Armstrong, 250 Iowa, 634, 638, 95 N. W. (2d), 515.
No great amount of discretion is reposed in an employer by such provision. Becognizing that there would be situations where it would be impossible to secure scaffolding, the rule relieves the employer in those instances from compliance therewith, yet it does not put it within his discretion to the extent that it is a matter of his own choosing. The rule is definite. If it is reasonably possible to secure the scaffolding, it must be done.
Neither does the fact that the method of securance is not *202 delineated by the rule render it general. The rule requires the scaffolding to be secured in such a manner that it cannot sway from the structure. The requirement and the result to be accomplished are specific. The fact that no definite standards are set as to the means by which the result is to be attained except that it shall be lashed or secured does not render the rule any less specific. Due to the varying situations encountered in this type of work it would not be feasible to delineate specific methods.
Considering Section 247 as a whole, it is clear that it is a specific safety requirement within the meaning of Section 35, Article II of the Ohio Constitution, and, therefore, relator is not entitled to a writ of mandamus.

Writ denied.

Tart, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.