STATE of Iowa ex rel. William B. HAGER, Commissioner of Insurance of the State of Iowa, Appellee,

v.

IOWA NATIONAL MUTUAL INSURANCE COMPANY, Defendant,

Margaret L. Adams, Norbert G. Brasser, Eugene J. Connor, Donald Cutler, James A. Dunn, Frank Elias, Gary E. Fisher, Gene Gallagher, Raymond Higgins, Donald J. Kamins, Donald A. Konsdorf, Duane H. Kurrelmeyer, Ronald E. McDonaughy, John H. McCormick, Jr., John H. Gill, C.G. McLoud, Darrel D. Mestdah, William Murray, Arthur Pope, Eugene C. Pugh, Richard Rose, Fred Rust, Arthur J. Schmit, William W. Tice, Robert Van Auken, Robert Wiese, M. Lucille Grobstick, William J. Rogers, Jane L. Rice, Allan W. Thompson, and Jerome R. Walsh, Appellants.

No. 87–1099.

Supreme Court of Iowa.

Oct. 19, 1988.

David A. Elderkin and Jolene J. Sobotka of Elderkin, Pirnie, Von Lackum & Elderkin, Cedar Rapids, and T. Scott Bannister and Mark S. Lagomarcino of Hanson, Bjork & Russell, Des Moines, for appellants.

Philip Ostien of Davis, Grace, Harvey, Horvath, Gonnerman & Rouwenhorst, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

This appeal requires us to consider an issue of first impression involving the interpretation of Iowa Code section 507C.42(3) (1985). More than thirty senior executives of Iowa National Mutual Insurance Company, an insolvent mutual insurance company involved in statutory liquidation proceedings, seek priority status under that statute for claims involving their deferred compensation benefits. They urge that their claims arise under "annuity policies" or as "annuity proceeds" as those terms are employed in section 507C.42(3).

The district court disagreed with these claimants' contention and accorded them the status of general creditors. On appeal, the court of appeals concluded that the claims in question did arise under "annuity policies" and accorded appellants the priority status which they requested. We granted further review of the court of appeals decision. On the controlling issue of statutory interpretation, we agree with the district court's assessment of appellants' claims and disagree with the conclusion of the court of appeals. Consequently, we vacate the decision of the court of appeals and affirm the judgment of the district court.

The claims at issue involve thirty-six employees or their survivors and aggregate more than $1,900,000. The insurance commissioner, acting as statutory liquidator, classified all of these claims as general creditor claims which are assigned a fourth-priority status. The deferred compensation claimants objected to this classification on the ground that they should be accorded a third-priority status senior to that of general creditors under the provisions of subsection 3 of section 507C.42. The deferred compensation claimants' objections were heard by the court as "disputed claims" pursuant to Iowa Code section 507C.39 and, as previously stated, were disallowed.

The claims to which section 507C.42(3) grants third-priority status include the following:

 *Class 3.* Claims under policies for losses incurred, including third-party claims, claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies, and claims of a guaranty association or foreign guaranty association. Claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values shall be treated as loss claims. That portion of a loss, indemnification for which is provided by other benefits or advantages recovered by the claimant, shall not be included in this class, other than benefits or advantages recovered or recoverable in discharge of familial obligations of support or by way of succession at death or as proceeds of life insurance, or as gratuities. A payment by an employer to an employee is not a gratuity.

All parties agree that the deferred compensation claimants' entitlement to third-priority status turns on whether their claims arise under "annuity policies" or as "annuity proceeds" as those terms are used in section 507C.42(3). The issue thus presented is one of statutory interpretation. The court of appeals assigned the claims third-priority status based on its belief that the generally accepted meaning of the term "annuity" is of broad generic application and includes any agreement which establishes a fixed sum payable at intervals or at some stated period.

■ In challenging the conclusions of the court of appeals the insurance commissioner argues that the deferred compensation payments in question do not fall within a generally recognized definition of the term "annuity." We do not find it necessary to resolve this question in order to decide the appeal. We will assume, as did the district court, that the deferred compensation plans in question fall within a generally accepted definition of the term "annuity." Notwithstanding that assumption, we share the district court's conclusion that the third-priority class as defined in section 507C.42(3) does not include claimants owed unpaid installments under the company's deferred compensation plan.

Certain general principles of statutory interpretation are called into play in resolving the present dispute. In seeking legislative intent, the subject matter, effect, reason for the statute, and consequences of the proposed interpretations must all be considered. *In re Girdler*, 357 N.W.2d 595, 597 (Iowa 1984); *Newgirg v. Black*, 174 Iowa 636, 643, 156 N.W. 708, 710 (1916). In interpreting a statute for the first time, a court must attempt to discern in a general way its legislative purpose and then consider all parts of the legislation as an integrated whole in order to determine how each part was designed to accomplish this general purpose. *Hanover Ins. Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978). In this interpretative process, undue importance should not be accorded to single or isolated portions of the statute taken out of context. *Ferguson v. Brick*, 248 Iowa 839, 845, 82 N.W.2d 849, 853 (1957).

The insurance commissioner argues that it is significant that the statute upon which appellants rely refers to "annuity policy" rather than "annuity." He suggests that an insurance company's liability on annuity policies would, under normal expectations, arise with respect to policies sold by the company in the ordinary course of business. The claimants respond by arguing that there is no legal difference in meaning between the terms "annuity" and "annuity policy" because an annuity policy is simply the written instrument creating an annuity.

Claimants urge that the legislature has used the terms "annuity" and "annuity policy" interchangeably, showing an intention to give the words the same meaning. In support of this contention, they point to Iowa Code section 507B.2(3), which provides that, when used in chapter 507B, governing insurance trade practices, the terms insurance policy and insurance contract "shall mean any contract of insurance, indemnity, subscription, membership, suretyship, or annuity issued, proposed for issuance, or intended for issuance by any person."

We do not believe that section 507B.2(3) aids claimants' argument. That statute refers to annuities issued by the insurer in the ordinary course of business. We reach a similar conclusion with respect to the use of the words "annuity policies" or "annuity proceeds" in section 507C.42(3). The third-priority class includes claims made under policies of insurance, third-party claims against insureds of the company under liability insurance policies, and claims made against statutory guaranty plans for risks of the insolvent insurer. This strongly suggests that this particular priority status is aimed at the insolvent insurance company's obligations to its insureds and not to employee claims. The Tennessee Supreme Court, interpreting the priority provisions of similar legislation, concluded that the purpose motivating the enactment of priority provisions for claims against insolvent insurers is to protect the typical insurance consumer. *Neff v. Cherokee Ins. Co.*, 704 S.W.2d 1, 6 (Tenn.1986).

Section 507C.42 is modeled after section 42 of the 1977 Insurers Supervision, Rehabilitation and Liquidation Model Act, promulgated by the National Association of Insurance Commissioners (NAIC). The priority provisions of the Model Act, with various alterations, have been adopted in approximately thirteen jurisdictions.[1] The Model Act, with some adaptations, was based on the Wisconsin Insurers Rehabilitation and Liquidation Act (Wis.Stat. 645.-01–645.90 (1975)). The official comments to the Wisconsin act give an explanation of the purposes behind the particular classification of claims selected by the drafters of that act. According to the comments accompanying section 645.68 of the Wisconsin act, governing priority of distribution, the system of priority was chosen "based on the relative social and economic impor-

---

1. Conn.Gen.Stat. § 38–462 (1987); Idaho Code § 41–3342 (Supp.1988); Ind.Code § 27–9–3–40 (1986); Iowa Code § 507C.42 (1985); Ky.Rev. Stat.Ann. § 304.33–430 (Baldwin 1987); Minn. Stat. § 60B.44 (1986 & West Supp.1987); Mont. Code Ann. § 33–2–1371 (1987); N.H.Rev.Stat. Ann. § 402–C:44 (1983); Ohio Rev.Code Ann. § 3903.42 (Page Supp.1987); Pa.Stat.Ann. tit. 40, § 221.44 (Purdon Supp.1988); S.C.Code Ann. § 38–27–610 (Supp.1987); Utah Code Ann. § 31A–27–335 (1986); Wis.Stat. § 645.68 (1985–86).

tance of the claims likely to be asserted against an insurer ... to carry out sound public policy by minimizing the damage done to the insured community when an insurer fails."

The deferred compensation claimants argue that their claims are of a social importance equal to or exceeding those of claimants who bought insurance from the company. The legal issue presented in this case does not depend on this court's independent assessment of the relative priority of these societal interests. We are required to identify the category of claimants to which the legislature accorded third-priority status. If the legislature had intended to accord third-priority status to amounts owed employees under deferred compensation plans we do not believe it would have required us to infer that intention from general language which appears to be directed at an entirely different group of claimants.

In contrast to the type of claims included in the third-priority status, *i.e.,* those involving the company's obligations to its insureds, appellants' claims arise from their status as employees of the company. Employee claims are included in the second-priority class set forth in section 507C.42. That class includes:

> [D]ebts due to employees for services performed to the extent that they do not exceed one thousand dollars and represent payment for services performed within one year before the filing of the petition for liquidation. Officers and directors are not entitled to the benefit of this priority. The priority is in lieu of other similar priority which may be authorized by law as to wages or compensation of employees.

All of the present claimants are officers of the company who are expressly excluded from this second-priority status. We are unable to discern any intention in the statutory scheme to accord any other priority status to excluded employee claims. The district court correctly determined appellants' status to be that of general creditors. We vacate the judgment of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.